# Sweet *v.* Birmingham Railway & Electric Co.

*Action of Passenger against Railroad Company to recover Damages for Personal Injuries.*

1. *Duty of conductor in starting and stopping cars; what constitutes negligence on his part.*—In operating street cars or trains drawn by dummy engines, it is the duty of the conductor or those in charge of such cars or trains, after stopping for the reception or discharge of passengers, to see and know, before starting, that no passenger is in the act of alighting, or in a position which would be rendered perilous by putting the car in motion; and in failing to discharge this duty, such conductor or employe is guilty of negligence.

2. *Negligence of passenger, stepping from train while in motion; question for jury.*—In an action against a railroad company by a passenger to recover damages for personal injuries, where there is evidence tending to show that as the train was slowing up in response to a signal by a person desiring to take passage, the plaintiff who was a passenger on said train, walked to the step of said car preparatory to alighting therefrom, and while standing on the step there was a sudden jerk of the train which threw the plaintiff to the ground, causing the injuries complained of, the question as to whether or not the plaintiff was guilty of such contributory negligence as would preclude her recovery of damages is one for the jury to determine from all the evidence, and it is error for the court to give the general affirmative charge at the request of the defendant.

VOL. 136.

[Sweet v. Birmingham Railway & Electric Co.]

3. *Negligence of passenger; stepping from train in motion not negligence per se.*—The voluntary leaving of a car by a passenger while it is in motion is not negligence *per se*, but it is for the jury to say whether the passenger acted as a reasonably prudent and cautious person would have acted under like circumstances, and was, therefore, guilty of negligence.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was borught by the appellant, Mrs. M. M. Sweet, against the Birmingham Railway & Electric Company, to recover damages for personal injuries, alleged to have been caused by the negligence of defendant's employees. The facts of the case relating to the only question presented on the present appeal, are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of general affirmative charge requested by the defendant.

JAMES TROTTER and ESTES & SMITH, for appellant. The law in reference to the duties of railroad companies in stopping their trains in reasonable length of time for passengers to get on and off at regular stations and flag stations, is the same when they stop at the flag station, or are in the act of stopping, as it is at the destination of the passenger who desires to and acts upon the invitation extended by the motion of the train. *M. & E. R. R. Co. v. Stewart*, 91 Ala. 425; *Falls v. R. R. Co.*, 97 Cal. 114; *McDonald v. L. I. R. R. Co.*, 116 N. Y. 546; *H. A. & B. R. R. Co. v. Burt*, 92 Ala. 296; *N. B. R. R. Co., v. Caldwell*, 89 Ala. 247.

The evidence as to the motion of the train and actions of the appellant in alighting therefrom under the circumstances and conditions as presented by the record in this case, being conflicting in many particulars, the question of contributory negligence on the part of appellant was certainly a question for the jury.—*Southern Railway v. Guyton*, 122 Ala. 241, 242.

When a train or car is stopping at a station it is not negligence *per se* for a passenger to prepare to leave the car by going out onto the platform as it is coming to a stop.—*Watkins v. Birmingham R'wy & Elec. Co.*, 120 Ala. 147; 24 So. Rep. 393; *Wheaton v. North Beach &*

*M. R. Co.*, 36 Cal. 590; 97 Am. Dec. 781; 66 Md. 70; 5 Atl. Rep. 346; *Central Railroad & Banking Co. v. Miles*, 88 Ala. 260.

WALKER, TILLMAN, CAMPBELL & PORTER, *contra.*

SHARPE, J.—This action is to recover for injuries alleged to have been inflicted on the plaintiff by negligent conduct of the defendant while acting in the capacity of a common carrier. Defendant pleaded the general issue and contributory negligence. At defendant's request the court charged in writing, "If the jury believe the evidence in this case, they will find a verdict for the defendant," and the propriety of that charge is the only matter here in question.

The train by which the injury occurred was used by defendant for carrying passengers between Bessemer and Birmingham and along certain streets and avenues of those cities. It consisted of cars drawn by what is known as a dummy engine propelled by steam. Customarily it stopped at street crossings to receive passengers when signalled and to discharge passengers when the conductor was notified to stop.

Plaintiff about nightfall boarded the train at Third Avenue in Bessemer, and rode to Eighth Avenue crossing, where a passenger for whom a signal had been given from the outside got on, and the plaintiff attempted to get off the train. At that time the train had not stopped entirely and was moving by that station. The conductor had not collected plaintiff's fare and was not notified of her destination. There is evidence which, though in conflict with other evidence, tends to show that as it approached Eighth Avenue and when the signal by the person taking passage was given, the train was brought nearly to a stop, and that thereupon the plaintiff, with her left hand holding a bundle and her right the hand railing, descended to the steps of the car platform about the time the other passenger got aboard, and that when she reached the bottom step and was about to step from the train, its speed was quickened with a jerk whereby she was thrown to the ground. In

her fall plaintiff received the injuries on account of which she sues. She testified among other things that "the dummy stopped regularly at that crossing; in getting on and off there they stopped there all the time."

In view of the whole evidence, we are of the opinion the charge referred to should not have been given. The degree of diligence which the law imposes on operattives of such trains is no less strict than that applying where the train is of the ordinary larger kind. In respect of starting after stopping for the reception and discharge of passengers this court has held they are bound to be even more watchful than those operating larger and more cumbersome trains in that they must not only stop long enough to allow passengers to get off and on, but as in the case of ordinary street cars they must "see and know that no passenger is in the act of alighting or in a position which would be rendered perilous by putting the car in motion."—*Highland Ave. etc. R. R. Co. v. Burt*, 92 Ala. 291. Though this train did not stop at the crossing the jury might have found it was so operated as to imply an invitation to passengers to alight, by reason of indications given that it was being slowed for that purpose. In such a situation the duty of trainmen towards passengers departing is the same as those taking passage, respecting which this court has said: "An invitation thus conveyed implies, at least, an assurance that the momentum will not be increased until all persons desiring to come aboard have done so, and imposes a correlative duty on those in charge of the train not to increase the speed without knowing that no person intending to act on the invitation is so situated as to be imperilled thereby. They cannot, in other words, acquit themselves by merely maintaining the slow movement sufficiently long for persons with diligence to get on, for this itself is a wrong; and as there is no obligation on the would be passenger to avail himself of such an invitation, though he may do so without negligence, they have no right to asume that he will avail himself of it immediately, or at all in fact, but they must know that it has been acted on, and that there is no one in an exposed condition when the increased motion is imparted to the train."

*Montgomery etc. R. Co., v. Stewart,* 91 Ala. 421. If defendant's train was so managed as to apparently invite passengers to alight at Eighth Avenue, those so operating the train were bound to act with reference to the probable acceptance of such invitation and to use care for the avoidance of jerks and other movements calculated to make the act of alighting dangerous. *McDonald v. Long Island R. Co.,* 116 N. Y. 546, 15 Am. St. Rep. 439.

The mere act of stepping from a slowy moving train does not of itself and under all circumstances constitute negligence.—*Watkins v. Birmingham R'y. & Elec. Co.,* 120 Ala. 147; *Birmingham R'y. & Elec. Co. v. James, Admr.,* 121 Ala. 120. Whether plaintiff's conduct was negligent or otherwise is to be tested by what would have been the action of a reasonably prudent person under like circumstances, and the evidence in this record is such as to require a jury for the application of that test, as well as for the determination of the question of whether defendant was negligent as alleged in the complaint.

Reversed and remanded.