[Birmingham & Atlantic R. R. Co. v. Norris.]

# Birmingham & Atlantic R. R. Co. v. Norris.

## Damage for Injury to Passenger.

(Decided May 7, 1912.  59 South. 66.)

1. *Damages; Injury; Evidence.*—The allegations of the complaint in this cause held broad enough to cover any nervous injury to plaintiff and to render admissible, evidence of nervousness, and injury to the nervous system.

2. *Carriers; Passengers; Obligation.*—A conductor of a steam railroad train stopping at a regular station must hold his train a time reasonably sufficient to permit passengers to alight from or board it, but his duty ceases then unless he knows or ought to know, from the surroundings, that the movement of the train will probably result in some injury to a passenger then in the act of leaving or boarding the train.

3. *Same; Relation.*—One attempting to board a train at a regular stopping place with the intent to become a passenger is a passenger.

4. *Same*—Where a passenger was assisted to the platform of a train by the conductor, but before or immediately after she entered the door the train was struck by other cars, injuring her, and the conductor knew or should have known of her then position, the law imposed upon him the duty of holding the train for a sufficiently reasonable time for her to reach her seat, and the failure to do so was actionable negligence.

5. *Same; Evidence.*—Where the evidence showed that the conductor assisted the plaintiff to the platform of the coach, and that the plaintiff got to the door, as quickly as she could to get a seat, but before she could get through the door, and as she got to the door, the coach gave a jerk causing the injury, and the evidence for the defendant tended to show that there was no unusual movement of the train, a charge asserting that if plaintiff was in the act of boarding the train as a passenger and the conductor assisted her on to the platform of the coach, and there left her, and before plaintiff had time to enter the coach and procure a seat, the coach was struck by the cars, causing a sudden jerk, and consequent injury to plaintiff, the carrier was liable, properly submitted to the jury the issues as to whether plaintiff had a reasonable time within which to obtain a seat, and whether there was a sudden movement of the car.

6. *Same; Issues; Proof and Variance.*—An allegation in a complaint that plaintiff was engaged in or about boarding the train when injured, covers every reasonably necessary act of plaintiff in going up the steps of the car, walking across the platform, entering the door, and going down the aisle to the nearest unoccupied seat.

[Birmingham & Atlantic R. R. Co. v. Norris.]

7. *Pleading; Conclusions.*—To charge a negligent act a complaint must allege facts which show that the action complained of was negligent, and the mere averment that the act was negligently performed is usually insufficient to make it negligence in fact.

8. *Charge of Court; Request.*—If a party deems a charge misleading, it becomes his duty to request an explanatory charge before complaining of the misleading charge.

9. *Appeal and Error; Harmless Error; Instructions.*—Ordinarily it is harmless error to give the jury misleading instructions.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Malissa F. Norris against the Birmingham & Atlantic Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts sufficiently appear from the opinion. The following charges were refused the defendant: Affirmative charge as to the first count. (2) "The Court charges you, gentlemen of the jury, that if you find from the evidence that plaintiff had entered the car door before she receives her alleged injuries. then you cannot find for plaintiff under the allegations in the first count of the complaint." (3) "If you believe from the evidence in this case that at the time of the jolt or break of said car, as shown by the evidence, the plaintiff had reached the platform of said car, and that she was entering the door thereof, then you cannot find for plaintiff under the first count of the complaint."

KNOX, ACKER, DIXON & STERNE, for appellant. The court erred in admitting evidence of plaintiff's nervousness, as such damages were not claimed in her complaint.—*City D. Co. v. Henry,* 139 Ala. 161; *Dowdell v. King,* 97 Ala. 635; *A. G. S. v. Tapia,* 94 Ala. 226; *Lewis v. Paul,* 42 Ala. 134; 13 Cyc. 185. The court erred in giving the charges requested by appellee.— *B. R. L. & P. Co. v. King,* 149 Ala. 508; *B. Ry. Co. v. Hale,* 90 Ala. 12; *G. & A. U. R. R. Co. v. Causler,* 97 Ala. 235. The

[Birmingham & Atlantic R. R. Co. v. Norris.]

court erred in refusing defendant's charges.—*So. Ry. v. Hundley*, 151 Ala. 378; *B. R. & E. Co. v. Brannon*, 132 Ala. 431; *H. A. & B. R. R. Co. v. Maddox*, 100 Ala. 618, and authorities there cited.

HARSH, BEDDOW & FITTS, for appellee. The allegations of the complaint were broad enough to cover proof of nervousness and nervous injury.—*B. R. L. & P. Co. v. Brown*, 150 Ala. 331; *Hanson v. Anderson*, 90 Wis. 195. The court was not in error in giving the charges requested by appellee.—*M. D. & S. Ry. Co. v. Moore*, 25 S. E. 460; 3 Hutchinson on Carriers, sec. 1414; *A. G. S. v. Siniard*, 123 Ala. 560; *So. Ry. Co. v. Crowder*, 130 Ala. 256. There was no error in refusing the charges requested by defendant.—*L. & N. v. Thornton*, 117 Ala. 274; *A. G. S. v. McFarland*, in MSS.

DE GRAFFENRIED, J.—The appellee, the plaintiff in the court below, brought an action against appellant, the defendant in the court below, to recover damages for injuries, alleged to have resulted from the negligence of the appellant, and alleged to have been sustained while she was the passenger of appellant and engaged in the act of boarding appellant's coach.

In its first assignment of error the appellant insists that the trial court erred in permitting appellee's counsel to ask her the question, "Do you find yourself more nervous now than before?" and it is insisted that nervousness, or injury to the "nervous system," was not averred in the complaint, and that the testimony to be elicited by said question was incompetent, irrelevant and immaterial. Appellant's contention is without merit. The court did not err in permitting the question to be propounded to the witness, nor did the court err in permitting the witness to testify that she was more

nervous subsequent to the injury, or injuries, than she was prior thereto. The complaint alleges that "plaintiff was greatly shocked in her person, was thrown or caused to fall, her spine, hips, knees, back, feet, legs, hands, elbow, shoulders, and various parts of her body were cut, bruised, mashed, sprained and otherwise injured. Plaintiff was injured internally, was made sore and sick, was crippled and disfigured, her health and physical stamina were greatly and permanently impaired," etc. Is the nervous system, then, one of the various parts of the body? And, if it was injured, does not the allegation "otherwise injured" cover such injury? If she was "made sick," and such sickness consisted solely of nervousness, or if nervousness was the manifestation in part, or in toto of such illness, can it yet be said that it was not covered by the averments of the complaint? The allegations of the complaint were very comprehensive and were certainly broad enough and full enough to cover any nervousness the plaintiff may have suffered, if, in fact, she suffered any nervousness, and the court correctly ruled in refusing to exclude any evidence that related to this trouble, or sickness, or disease, it being one alleged under the complaint to have been sustained, or rather it being one embraced under the allegations of the complaint as having been sustained.—*Birmingham R. L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342.

At the request of the appellee, the court gave to the jury the following written charge: "If from all the evidence the jury is reasonably satisfied that the plaintiff was in the act of boarding defendant's train as a passenger thereon, that the conductor of defendant's train had assisted plaintiff upon the platform of said car, and there left her, and that before plaintiff had had time to enter the car, and procure a seat, that defendant's

agents who were in control of said car, suddenly caused an engine, or other cars, to negligently, or violently, strike, or press against the car upon which plaintiff was so assisted by said conductor, and that such violent stroke or pressure of such engine or other cars caused the car upon which plaintiff had so attempted to board to so jolt, jerk, or shock as to cause the injuries complained of by plaintiff, then such acts of defendant's agents would be such negligence, as would entitle plaintiff to recover for such injuries as she may have proximately sustained thereby to her person." It is insisted by appellant that the charge is faulty because it authorized a verdict in behalf of appellee upon proof that the engine struck the car violently. And appellant further insists that the engine might have struck the car violently without negligence upon the part of the appellant's servants. It has been said by our Supreme Court that "charges to the jury should be given in reference to the tendencies of the testimony, and should be construed in the light thereof."—*S. & N. A. R. R. Co. v. Wood,* 71 Ala. 215, 46 Am. Rep. 399; *Alexander v. Alexander,* 71 Ala. 295.

The appellee was appellant's passenger at Pell City, Ala., for transportation from said station to Coosa Valley. In respect to the duty that ordinary steam railroads owe their passengers with respect to their getting on and off trains, the following quotation, in which the italics are ours, correctly and succinctly states the law: "Trains on such railroads are run on schedules. They stop only at designated stations, to receive and discharge passengers. The conductor knows in advance how many passengers are to alight at a given station. He may therefore determine with sufficient accuracy what would be a reasonable time for the train to stop to enable passengers for that station to alight by the

exercise of ordinary diligence on their part. *The law therefore, imposes on him the duty of holding the* train for such reasonably sufficient time."—*Birmingham Union Ry Co. v. Smith* 90 Ala. 60, 8 South. 86, 24 Am. St. Rep. 761. And again: "We regard the law with respect to the duty to be exercised by ordinary railroads, for the safety of the passengers getting on and off trains, as well settled. When the train of an ordinary railroad is brought to a standstill at the proper and usual place for receiving passengers and for permitting passengers to alight, and remains stationary for a reasonably sufficient time for this purpose, the duty of the trainmen in this regard has been performed; but, while the performance of this duty may relieve the trainmen from the further duty of seeing and knowing that the passengers are on or off as the case may be, even this would not excuse from culpability if those in charge of the train in fact saw or knew that its movement would probably imperil the passenger in the act of getting off or on the train, and in disregard of the peril caused the train to move, and thereby inflict the injury."—*Highland Ave. & Belt R. R. Co. v. Burt,* 92 Ala. 291, 9 South. 410, 13 L. R. A. 95. That is to say, it is the duty of the conductor to hold the train for a reasonably sufficient time to permit those who are getting on the train to so board it, and thereupon his duty ceases, unless he knows, or ought to know, from all the facts and circumstances then existing, that the movement of the train even after the lapse of a reasonably sufficient time, would probably result in some injury to a passenger then in the act of getting on or off of said train.—*Sweet v. Birmingham Ry. & Elec. Co.,* 136 Ala. 166, 33 South. 886.

The appellee was appellant's passenger, and as such passenger appellant owed her the duty of holding the train for a sufficiently reasonable time to enable her to

get on the train and secure a seat before moving the train in such a manner as to render her reasonable and necessary acts in getting on said train and securing a seat thereon dangerous to her life, limb, health, or safety. —*Sweet v. Birmingham Ry. & Elec. Co.*, 136 Ala., 33 South., supra; *Highland Ave. & Belt Ry. Co. v. Burt*, 92 Ala., 9 South., 13 L. R. A., supra. If the appellant knew, or, if from all of the attendant facts and circumstances surrounding it, through its agents and servants, it should have known, that the appellee was in the act of getting on the train and securing a seat thereon in the coach designated for her, and then, and before she had a reasonably sufficient time to effect her purpose, negligently or violently jostled the train by causing a car to strike it, and this movement of the train produced the injuries complained of, this would amount to actionable negligence upon the part of the appellant.

The evidence for the appellee tended to show that she was assisted to the platform by the conductor of the train and that before she entered the door, or immediately after she had entered the door, the train was violently put in motion by the engine and others cars striking against the coach she was then entering, or trying to enter, and that she was thereby jerked up and against the door and was on the rebound of the train jerked back into the arms of her husband, and that her injuries resulted from this violent jar of the coach. If this evidence was true, and that was a question for the jury, the conductor certainly knew, or should have known, of her position on said coach. It was on the conductor that the law imposed the duty of holding the train for a sufficient reasonable time to permit the appellee to reach her seat in safety.—*Birmingham Union Ry. Co. v. Smith*, supra.

24 CA

It is not the averment in a pleading that an act is negligently performed that makes it negligent in fact. If the averment in fact shows that the act was negligent, it was a negligent act; otherwise not.—*Terrill v. Walker*, 5 Ala. App. 59 South. 275..

The only hypothesis upon which the charge could possibly be said to be defective is that it fails to set up in express terms that the "jolt" occurred before the appellee had been given a "reasonable" time within which to obtain a seat in the coach. When read in the light of the evidence, however, it is apparent that the time that must have intervened from the moment appellee was left by the conductor on the platform to the time when the train was put in motion was not a reasonable time for her to have obtained a seat on the train. The appellee testified: "I got to the door as quick as I could to get a seat, but couldn't get through. When I got to the door it jerked me back. The conductor at that time was not helping me. He left me when I got up in the door."

The testimony of the conductor, engineer, and roadmaster, all of whom were appellant's witnesses, tended to show that there was no jerk, sudden jerk; lurch, jar or unusual movement of the train at all. The engineer, however, testified that the train was not coupled up until it was ready to leave Pell City, but that in the act of coupling there was no unusual jar or jerk in the manner of the coupling. In other words, the testimony of appellant tended to show that the injuries complained of did not result from any movement of the train at all. The question, therefore, for the jury, was not whether the appellee had a reasonable time within which to obtain her seat on the train after the train had jerked, but only whether there was a jerk at all. The court did not err in giving the charge.—*Central of Ga. Ry. Co.*

*v. McNab,* 150 Ala. 332, 43 South. 222; *A. G. S. R. R. Co. v. Siniard,* 123 Ala. 560, 26 South. 689.

Even if we are mistaken in the above views as to the technical accuracy of the charge, the most that can be said in criticism of the charge is that it may have possessed a misleading tendency, in that it failed to qualify the word "time" used in the charge with the word "reasonable," thereby making the charge say, in express terms, "reasonable time," instead of merely "time." From what we have above said it is evident that we do not think that the charge possessed a misleading tendency, or that, if it by any possibility possessed such tendency, the jury were misled thereby. If the charge had a misleading tendency, it was, as we read it, one more favorable to the appellant than to the appellee, in that, under the terms of the charge, if the appellee had time—no matter how short—in which to obtain a seat in the coach, then she was not entitled to recover, although that time was not that reasonable length of time which the law gave her within which to obtain a seat.

At any rate, trial courts will not ordinarily be put in error for merely giving charges which may possess misleading tendencies. The party against whose interest such a charge is given has the opportunity of asking for and obtaining from the trial court an explanatory charge correcting the misleading tendency of the given charge. This rule is so well established that we cite no authorities to sustain it.

The appellant requested the trial court to give three different charges, and insists under the third, fourth, and fifth assignments of error, respectively, that the court erred in refusing to give said charges. Each of the charges is based upon the theory that there was a variance between the allegations and proof.

[Central of Georgia Railroad Co. v. Strickland-Metcalf Gro. Co.]

There was no material variance between the allegations and the proof. The complaint alleges that "plaintiff was engaged in or about boarding said car." This allegation covered every reasonably necessary act of the plaintiff in going up the steps of the car, walking across the platform, entering the door and going down the aisle of the car to the nearest unoccupied seat, and taking her seat thereon. There is no merit in the third, fourth and fifth assignments of error.—*A. G. S. R. R. Co. v. McFarlin,* 174 Ala., 56 South. 989; *C. of Ga. R. R. Co. v. Thomas,* 1 Ala. App. 267; 55 South. 443.

The judgment of the lower court is affirmed.

Affirmed.