(76 South. 472)

### LOUISVILLE & N. R. CO. v. BANKS.
#### (6 Div. 990.)

(Court of Appeals of Alabama.   June 12, 1917.)

1. CARRIERS ⬅287(5), 303(4)—PERSONAL IN-
JURIES—TAKING UP PASSENGERS—STARTING
TRAIN PREMATURELY.

It is duty of railroad conductor to hold
train only for a reasonably sufficient time for
passengers to get on and off with safety, unless
he knows or ought to know that the movement
of the train, even after the lapse of that time,
would probably result in some injury to pas-
senger then in act of getting on or off.

2. CARRIERS ⬅320(9)—ACTIONS FOR PERSON-
AL INJURIES—QUESTION FOR JURY—START-
ING TRAIN WHILE PASSENGER BOARDING IT.

In action against railroad company for per-
sonal injuries sustained in attempting to board
train, where evidence showed that plaintiff, with
a ticket, presented herself at the platform of one
of the coaches, and upon being directed to go
to another coach immediately started to do so,
it was a question for the jury to say whether
or not defendant's agent knew or ought to have
known that the movement of the train would
probably result in some injury to a passenger
then in the act of getting on the train.

Appeal from City Court of Bessemer;   J.
C. B. Gwin, Judge.

Action by Nancy Banks against the Louis-
ville & Nashville Railroad Company.   From
judgment for plaintiff, defendant appeals.
Affirmed.

The plaintiff brought suit against the de-
fendant, claiming damages for personal in-
juries sustained by her as a passenger.   The
first count alleged that plaintiff was a pas-
senger, and the second count that she was
attempting to board a train of defendant
for the purpose of becoming a passenger,
and both counts alleged negligence.   The
pleas were not guilty and contributory neg-
ligence.   There was verdict and judgment
for plaintiff, and from the judgment defend-
ant appeals.

The evidence for plaintiff tended to show
that she had purchased a ticket from de-
fendant's agent; that she went to the sta-
tion where defendant's train usually stopped;
that she went to the rear coach and started
to get on, when a white man, dressed in
blue clothes, asked her where she was going,
and, when she told him, he directed her to
another coach nearer the front of the train;
that she went rapidly to get on where she
was directed, and just as she caught hold
of the rod and stepped on, the train pulled
out and she fell off and was hurt.   The
conductor admitted being present when she
was trying to get on the train, but said she
got on while the train was moving, and
again stepped off before he could stop the
train.

There were many exceptions reserved on
the trial, but all are waived, except six as-
signments of error, which for convenience
may be grouped as follows: 1, 2, 3, and 4,
and 5 and 6; the first group being the refusal
of the trial court to give, at the request of

the defendant, charges 5, 7, 8, and 4, as
follows:

"(5) The court charges the jury that if you
believe from the evidence in this case that the
plaintiff went to the wrong coach for the pur-
pose of boarding, and that some trainman there
directed her to another coach, that fact would
not raise the absolute duty on the part of the
defendant to hold the train until she could board
the same."

"(7) The court charges the jury that the fact,
if it be a fact, that the plaintiff first went to
the wrong place to board the train, would not
raise the duty on the part of the defendant to
wait on her, if the train, before she reached the
proper place to board it, had already waited a
reasonably sufficient length of time for pas-
sengers boarding and alighting at proper places
to board and alight."

"(8) If the plaintiff went first to the wrong
place to get on the train, that fact would not
raise the duty on the part of the defendant to
wait longer time for her to board it, provided
the train, before she reached a proper place
to board the train, had waited a reasonably suf-
ficient length of time for her to board same, had
she attempted to board the train at the proper
place in the first instance."

"(4) The court charges the jury that the
agents of the defendant were not under the ab-
solute duty to see and know that no passengers
were alighting from or boarding the train before
signaling the train forward, but they were only
under the duty to stop the train a reasonably
sufficient length of time for passengers to board
and alight."

The second group refers to excerpts from
the court's general charge, as follows:

"The jury must be reasonably satisfied she
was a passenger, if she presented herself at
the usual place where the train she was to get
on was accustomed to stop, and if it did not
stop there, for her to get upon the train, then
she, when she presented herself at that place,
she had the protection that is given by law to
a passenger, and it then became the duty of
the train to stand there a reasonable length of
time to allow her to get on the train."

"If the train failed to stop a reasonable length
of time for her to get on the train, and if she
was a passenger as alleged in the complaint,
and all the other material averments of the
complaint are true, then the plaintiff has made
out her case under that complaint."

Tillman, Bradley & Morrow and E. L.
All, all of Birmingham, for appellant.   Good-
wyn & Ross, of Bessemer, for appellee.

SAMFORD, J.   [1] It is the duty of the
conductor to hold the train for a reason-
ably sufficient time for passengers to get
on and off with safety, and thereupon his
duty ceases, unless he knows or ought to
know, from all the facts and circumstances
then existing, that the movement of the
train even after the lapse of a reasonably
sufficient time would probably result in some
injury to a passenger then in the act of get-
ting on or off of said train.   Sweet v. Bir-
mingham Ry. & Electric Co., 136 Ala. 166,
33 South. 886; B. & A. R. R. Co. v. Norris, 4
Ala. App. 368, 59 South. 66.   Charges 5, 7,
8, and 4 state the rule as to when the duty
of the conductor ceases, but ignore the ex-
ception, as stated above.

[2] In the present case, it being in evi-

dence that the train was in two sections, and that the plaintiff, with a ticket, presented herself at the platform of one of the coaches, and upon being directed by a man in blue clothes to go to another coach, she immediately started to do so, it was a question for the jury to say whether or not the defendant's agent knew or ought to have known that the movement of the train would probably result in some injury to a passenger then in the act of getting on the train. The charges ignored this, and therefore were properly refused.

The excerpts from the oral charge, made the basis for assignments of error 5 and 6, when taken and considered with the whole charge of the court, present correct statements of the law, as applied to the facts in this case. L. & N. R. R. Co. v. Glascow, 179 Ala. 251, 60 South. 103; B. & A. R. R. Co. v. Norris, 4 Ala. App. 368, 59 South. 66.

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.