(118 So. 230)

**TOWNLEY v. THORNTON.** (6 Div. 240.)

Court of Appeals of Alabama. Oct. 9, 1928.

James J. Ray, of Jasper, for appellant.

Sowell & Gunn, of Jasper, for appellee.

BRICKEN, P. J. ██ The demurrer to the complaint was not well taken. The allegations of injury, or damage, to plaintiff's car were sufficiently specific to apprise defendant of the nature and character of the evidence to be expected. Authorities cited by appellant are not to the contrary. The allegation of the complaint objected to by demurrer is that the collision between plaintiff's and defendant's automobiles "broke, bent, injured or damaged the door, axle, body, running board, fenders and other parts of plaintiff's said car." We know of no rule of law, and are cited none, requiring plaintiff in such cases to set forth and specify by name every screw or separate part of the car that may be damaged; it might take an expert mechanic to do this. The use of the words "and other parts of the car" was not the assertion of a claim of special unrecoverable damage.

Under this statement plaintiff had a right to show injury to a wheel, or a gear, or "other part of the car." It was, as stated, in no sense a claim for special damages. It follows that evidence of damage to the gear and transmission was recoverable. Birmingham, etc., v. Norris, 4 Ala. App. 363, 59 So. 66; Mobile, etc., v. Therrell, 205 Ala. 553, 88 So. 677, and authorities cited.

██ There was no error in permitting plaintiff to show that Mrs. Little was in the car with him at the time and that she was injured. Miles v. Hines, 205 Ala. 83, 87 So. 837.

There is no assignment of error challenging the court's action in overruling defendant's motion to exclude the testimony of plaintiff that defendant, the day after the collision, promised to pay for repairs on plaintiff's car. It does not appear that this conversation was a negotiation for a compromise, and this was the only ground of the motion to exclude. It was not claimed that the evidence was illegal, irrelevant, incompetent, and immaterial. Donaldson v. Foreman, 213 Ala. 232, 104 So. 406; Hughes v. Daniel, 187 Ala. 41, 65 So. 518.

Affirmed.