JACOB P. CAMPBELL v. YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[48 South. 618.]

1. RAILROADS. *Injury to passenger. Train sweeping platform. Contributory negligence. Question for jury.*

Where a passenger, standing on the edge of a station platform awaiting a train, was struck by the engine bumper, which projectly slightly over the platform, the fact that he had his back to the train when struck did not make him guilty of contributory negligence as a matter of law.

2. SAME. *Same. No reason to suspect danger.*

Negligence is not imputable to a person for failing to look out for danger, when he had no reason to suspect that danger was to be apprehended.

FROM the circuit court of Franklin county.
HON. MOYSE H. WILKINSON, Judge.

Campbell, appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court.

Plaintiff, a passenger on defendant's railroad, had to change cars at Harriston. Some time elapsed between the two trains, and appellant, while at the station at Harriston, stood on the edge of the concrete platform between the waiting room and the railroad tracks, and, while so standing, with his back toward the incoming train, he was struck by the bumper on the engine, which projected about two or three inches over the edge of the platform, and was knocked down; one foot so badly crushed that amputation became necessary. The defendant claimed that the proximate cause of the injury was the negligence of the plaintiff in standing at the edge of the platform and paying no attention to the approaching train.

*McKnight & McKnight,* for appellant.

The question in this case is as to the rule applicable to a passenger awaiting a train on the platform provided by the company, as is the undisputed fact in this record.

A person who is wrongfully on the track of a railroad, knowing that a train passing over the track would necessarily pass over him, unless he got out of the way, who fails to look and listen for a train, in case of injury, nothing more appearing, would, as a matter of law, be declared to be guilty of such contributory negligence as to prevent a recovery; but in the case of a passenger awaiting a train on the platform provided by the company for his occupany, the same rule does not operate, for, being in a place where he is invited to be by the company, he has a right to suppose that he will be safe from collision with a train running on the track so long as he occupies a place on the platform, and the mere fact that plaintiff, while on the platform did not look behind him for an approaching train, cannot be held evidence of contributory negligence,

any more than the failure of a person, struck from behind by a vehicle passing along the street of a city and knocked into the street and run over by the vehicle, while such person was walking on the sidewalk adjacent to such street, to look behind him for an approaching vehicle, which, as a matter of law, render him chargeable with such contributory negligence as would prevent a recovery for injury thus received.

"Negligence is not imputable to a person for failing to look out for a danger, when, under the surrounding circumstances, the person sought to be charged with it had no reason to suspect that danger was to be apprehended." *Langan v. St. Louis, etc., R. Co.,* 77 Mo. 392; 3 Am. & Eng. R. Cas. (Old Series) 355.

We think he had a right to be upon the platform for the purpose of prosecuting the journey he had started to take, which was erected for the accommodation of travelers and they have a right to assume that they may be there without being exposed to unnecessary hazard or danger. *Brassell v. New York etc., R. Co.,* 84 N. Y. 241; S. C. 3 Am. & Eng. R. Cas. 380; *Western v. New York, etc., R. Co.,* 73 Id. 595; *Dobiecki v. Sharp.* 88 N. Y. 203; *Archer v. New York, etc., R. Co.,* 106 N. Y. 589.

"A passenger when taking or leaving a railroad car at a station has the right to assume that the company will not expose him to unnecessary danger and, while he must himself exercise reasonable care, his watchfulness is naturally diminishd by his reliance upon the discharge by the company of its duty to passengers to provide them a safe passage to and from the train." *Brassell v. New York, etc., R. Co.,* 84 N. Y. 241.

It will certainly not be disputed that the plaintiff in the case at bar was a passenger of the defendant company from the time he left Roxie until such time as he might reach Natchez and so remained during his stay at Harriston while in the depot or upon the platform provided exclusively for the use of passengers, as is the undisputed fact in this case.

Plaintiff and his witnesses testified that he was injured while

standing upon this platform by a train running at a rapid rate and passing so near said platform as to overlap the same and strike plaintiff while so standing upon the platform. The testimony for the defendant tended to dispute this, and thus raised a question of fact, which, among other questions of fact, and of negligence and contributory negligence presented by this record, should have been left to the jury under proper instruction.

*Mayes & Longstreet* and *C. N. Burch,* for appellee.

Plaintiff's own witnesses establish two facts: First, that the platform was properly constructed, and there is no effort made to show any sort of improper construction. This platform was smooth concrete, perfectly level, from fifteen to nineteen feet wide, extending around the whole station building, with the building in the center of it, thus affording safe and entirely convenient and adequate space on which passengers might stand; second, that there was a proper station building, with waiting rooms, etc., in which passengers might stay. But without occupying a safe place on this platform, or using the sitting rooms provided for the purpose, plaintiff went out to the extreme edge of the concrete platform, to the very coping of it, which is within fifteen inches of the rail, stood on this, with his back to the track, without paying any attention whatever, or using any of the precautions the situation demanded for his safety.

It is certainly apparent, proven too clearly to admit of dispute, that there was abundant and sufficient warning and evidence of the incoming of the passenger train.

Not only was the approach of the train discoverable by ordinary diligence and prudence, but as a matter of fact there had been ample warning and notice of its coming by the whistle, the roaring and the noise of running made by the train plainly discernible to even people in the sitting room at the depot before the train reached the station.

There could be no more appropriate judicial comment on the facts of this case than the expression of this honorable court in

the case of *New Orleans, etc., R. Co. v. Mitchell,* 52 Miss. 811, where it is said:

"It is amongst the absolute certainties of this case that the noise of the approaching train was perfectly heard by even casual listeners from the moment of its leaving the Springs, and that it was visible at points from the top of the hill for one hundred and fifty yards to the crossing. It only required the most casual observation to have seen and heard the train. Indeed, blindness and deafness, or entire engrossment of mind, could only have prevented seeing and hearing its advance."

WHITFIELD, C. J., delivered the opinion of the court.

The pivotal point in this case is whether the company was negligent in the construction of its platform, so as to have the bumper of the engine and the body of the cars themselves project over—that is to say, overlap—said platform, to the extent, at least, of two inches as the cars would go by said platform. There was testimony to the effect that this platform was so negligently constructed that the cars, in going by, would oscillate so as to overlap to the extent of two inches, at least, said platform. The query, therefore, is whether this negligent construction is the proximate cause of this injury, and we think, on the testimony in the record, there was sufficient evidence to send the case to the jury to decide that question of fact.

In the case of *Archer v. N. Y., N. H. & H. R. R. Co.,* 106 N. Y. 589, 13 N. E. 318, it was held in a case like this that the the passenger has the right to act upon the "assumption that every necessary and reasonable precaution would be taken to make the platform safe, that he had a right to regard the platform as a safe and proper place, and that to bring, without notice, a train at such a speed up to a station and into the neighborhood of outgoing and incoming passengers, and so near a platform provided for them as to sweep a portion of it, was negligence." In the case of *Langan v. St. Louis, etc., R. R. Co.,* 72 Mo. 392, 3 Am. & Eng. R. R. Cases, at page 359 *et seq.* the

court say: "A person, who is wrongfully on the track of a railroad, knowing that a train passing over the track would necessarily pass over him unless he got out of the way, who fails to look and listen for a train, in case of injury, nothing more appearing, such person would, as a matter of law, be declared to be guilty of such contributory negligence as to prevent a recovery; but in the case of a passenger awaiting a train on the platform provided by the company for his occupancy the same rule does not obtain; for, being in a place where he is invited to be by the company, he has a right to suppose that he will be safe from collision with a train running on the track so long as he occupies a place on the platform, and the mere fact that plaintiff, while on the platform, did not look behind him for an approachng train, cannot be held evidence of contributory negligence, any more than the failure of a person, struck from behind by a vehicle passing along a street of a city, and knocked into the street and run over by the vehicle, while such person was walking on the sidewalk adjacent to such street, to look behind him for an approaching vehicle, would, as a matter of law, render him chargeable with such contributory negligence as would prevent a recovery for injuries thus received. Negligence is not imputable to a person for failing to look out for danger, when, under the surrounding circumstances, the person sought to be charged with it had no reason to suspect that danger was to be apprehended."

We think this is the correct view, that the peremptory charge was erroneous, and the judgment is *reversed,* and the case *remanded.*