# L. & N. R. R. Co. *v.* Glascow.

### Damage for Injury to Passenger.

(Decided November 21, 1912.　60 South. 102.)

1. *Carriers; Passengers; Injury; Pleading.*—While a plaintiff suing for injuries sustained upon the premises or track of a railroad company and relying upon simple negligence must show that he is not a trespasser, an averment that he had gone to the carrier's premises for the purpose of taking passage upon its northbound train, then due or about due, is sufficient.

2. *Same.*—Where the action was for injuries to one waiting at the company's flag station to take passage, the complaint need not set up the instrumentality of the injury or the manner in which it was received.

2. *Same; Contributory Negligence.*—A person at or near a station waiting for his train is not guilty of contributory negligence in standing near the track, unless he gets so close as to be struck by an ordinary train; hence in an action for injury received by one while waiting for a train at a company's flag station, pleas not showing that plaintiff was so near the track as to be in danger from an ordinary train, are not sufficient.

4. *Same; Relation.*—While the existence of the relation of carrier and passenger is dependent upon the contract of carriage, such contract may be either expressed or implied and proof that a person entered a common carrier's vehicle or premises with the intention of becoming a passenger raised an implication of the relationship of carrier and passenger; hence proof that plaintiff went to a flag station on the road of the defendant company with the bona fide intent of taking a train then about due makes it a question for the jury whether he was a passenger or not.

5. *Same.*—The evidence considered and held not to entitle the defendant to the general charge on the theory of plaintiff's contributory negligence.

6. *Same; Degree of Care.*—Those engaged in the carriage of passengers by means of a railway must exercise the highest degree of care and skill and diligence known to careful persons engaged in similar business.

7. *Same; Trespassers.*—Where it was the habit of a railroad company to receive and set down passengers at a platform prepared by it at a flag station, prospective passengers waiting for a train then due are not trespassers regardless of whether the railroad company intended the platform as a waiting place or not.

8. *Negligence; Instruction.*—Where the charges merely stated that the facts hypothesized therein, all of which were in evidence, would constitute negligence on the part of the defendant and did not in-

struct a finding on that ground for plaintiff it was immaterial that it failed to hypothesize that the negligence must have been the proximate cause of the injury for which plaintiff sought to recover.

9. *Appeal and Error; Harmless Error; Instructions.*—The giving of correct instructions which were abstract because not supported by the evidence is not reversible error unless it plainly appears that injury resulted.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by James S. Glasgow against the Louisville & Nashville Railroad Company for injuries received while on the premises of defendant for the purpose of taking passage on its train. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 4 is as follows: "Plaintiff claims of defendant corporation the sum of $10,000 as damages, for that theretofore, to wit, on the 17th day of October, 1908, the defendant company by its servants or agents was engaged in the operation of a railroad for the carriage of passengers for hire in Shelby county, Ala., and by its said agents or employees then and there so negligently conducted said business that by reason of such negligence, and as a proximate consequence thereof, the plaintiff, who was then and there rightfully on defendant's premises, or near thereto, at or near a station on defendant's road and there for the purpose of taking passage on defendant's north-bound passenger train, which was then due or about due at said station, received the following personal injuries: [Here follows catalogue of injuries]—to the great damage of plaintiff as aforesaid." Count 5 is a mere elaboration of count 4.

The demurrers raise the proposition that the allegation that plaintiff was then and there rightfully on the premises was a mere conclusion of the pleader, and that no facts are stated showing how or in what manner he had a right to be there, and in that the counts

were inconsistent and repugnant. The substance of the pleas is sufficiently set out in the opinion.

The following charges were given for the plaintiff: (A) "The court charges the jury that, if they are reasonably satisfied from all the evidence in the case that the accident complained of happened by an iron rake or some other instrument or hard substance so negligently carried on defendant's train that it came in contact with the mail sack hanging on the crane near defendant's roadbed and dragged the same off, and either struck or caused the mail bag to strike plaintiff and inflict the injuries complained of, then the jury would be authorized in finding that the defendant was guilty of negligence." (B) "The court charges the jury that it would be negligence on the part of the defendant to so negligently carry on its train an iron rake, or other hard substance, as that it would come in contact with the mail sack hanging on the crane near defendant's roadbed, and drag the said mail sack off of said crane, and be dragged from said train by so coming in contact with said mail sack, and either striking or causing said mail sack to strike plaintiff, and inflict the injuries complained of." (C) "The law requires the highest degree of care, skill, and diligence, by those engaged in the carriage of passengers by railroads, known to careful, diligent, and skillful persons engaged in such business." (D) "The law exacts of common carriers of passengers the highest degree of care and prudence for the safety of passengers." (E) "I charge you that the law imposes upon common carriers of passengers the duty of exercising the highest degree of skill, care, and diligence in the transportation of passengers, and holds them responsible for the consequences of the slightest negligence approximately resulting in injury to persons sustaining the relation of passengers."

The following charges were refused to the defendant: (25) "The court charges the jury that if you believe from the evidence that before said train reached said flag station, and when it was about 200 or 300 yards away, the plaintiff knew or was informed that said train was not going to stop at said station, and knew that it was rapidly approaching said station, and said level place beside said track was only for passengers to get on and off defendant's passenger trains that stopped at said flag station to take on or let off passengers, and was not made and leveled to be used as a depot or waiting place, then plaintiff was not rightfully upon defendant's said graveled platform with such knowledge, and within 10 or 12 feet of defendant's said track, then plaintiff was a trespasser on defendant's right of way."

WHITSON & HARRISON, for appellant. The defendant's demurrers to the fourth and fifth counts were well taken and should have been sustained.—*No. B'ham Ry. Co. v. Liddicoat,* 99 Ala. 546; *B'ham R. & E. Co. v. Mason,* 137 Ala. 344; *Sou. Ry. Co. v. Williams,* 143 Ala. 317; *L. & N. R. R. Co. v. Holland,* 164 Ala. 80; *Sheffield v. Morton,* 161 Ala. 160. Where a complaint fails to show whether the plaintiff is a passenger or mere trespasser it will be presumed that he was a trespasser.—*Ga. Pac. v. Ross,* 100 Ala. 490; *H. A. & B. R. R. Co. v. Robbins,* 124 Ala. 119; *Ensley Ry. Co. v. Chewning,* 93 Ala. 24; *Sou. Ry. Co. v. Bush,* 122 Ala. 482. The essential requirements to constitute a person a passenger is that he be accepted as such by the carrier for transportation.—*Lawrence v. Kaul Lbr. Co.,* 55 South. 113. The fourth count fails to aver this, and therefore fails to show the responsibility of the defendant for its alleged negligence.—*B'ham R. & E. Co. v.*

*Mason, supra; L. & N. R. R. Co. v. Bogue,* 110 Ala.
199. The negligence averred in each of the counts cov-
ers the entire field of the defendant's business and is
not so limited as to offer an issue.—*Mizell v. Sou. Ry.
Co.,* 132 Ala. 506; *B. R. L. & P. Co. v. Oldham,* 141
Ala. 195 and authorities supra. The pleas of contrib-
utory negligence were good and the court was in er-
ror in sustaining the demurrers.—*Frazier v. S. & N.
Ala. Ry. Co.,* 81 Ala. 199; *M. & E. R. R. Co. v. Thomp-
son,* 77 Ala. 458. The defendant was entitled to the
affirmative charge.—*Peters v. Sou. Ry. Co.,* 135 Ala.
322; *Richards v. Sloss-Sheffield S. & I. Co.,* 146 Ala.
258; *S. S. S. & I. Co. v. Knowles,* 129 Ala. 10; *Western
Ry. Co. Ala. v. Mutch,* 97 Ala. 196. A defendant is
never liable for negligence where the injury resulting
therefrom could not have been reasonably anticipated.
—*L. & N. R. R. Co. v. Quick,* 125 Ala. 562; *M. & O. R.
R. Co. v. Christian M. B. Co.,* 146 Ala. 407; *Sheffield
v. Morton, supra.* It is not shown that anybody knew
that plaintiff was there to take passage or that he was
ever accepted as a passenger.—*McDonald v. Montgom-
ery St. Ry. Co.,* 110 Ala. 175; *L. & N. R. R. Co. v. Lee,*
136 Ala. 182. The evidence disclosed contributory neg-
ligence.—Authorities supra. Charges nineteen, twenty
and twenty-one should have been given.—*A. C. G. &
A. Ry. Co. v. Bates,* 149 Ala. 490 and authorities supra.
The giving of charges C, D, and E, for the plaintiff was
error as they were abstract and highly prejudicial.—
*Dennis v. The State,* 112 Ala. 66; *Shelton v. The State,*
144 Ala. 106. The court was in error in giving charges
A. and B. for the plaintiff.—*W. U. Tel. Co. v. Louisell,*
50 South. 87; *Holmes v. B'ham Sou. Ry. Co.,* 140 Ala.
208; *Randle v. B'ham Ry. L. & P. Co.,* 158 Ala. 542;
*B. R. L. & P. Co. v. Jones,* 146 Ala. 277. Charge 25
should have been given for the defendant.—*Ensley Ry.*

*Co. v. Chewning, supra; T. C. I. & R. R. Co. v. Hansford,* 125 Ala. 362. Counsel discuss errors relative to the admission and exclusion of testimony but without further citation of authority. Under the circumstances in this case the bill of exceptions is not subject to the motion to strike.—*N. A. Ry. Co. v. Brakefield,* 123 Ala. 605; *Ex parte Kelly,* 62 Ala. 376.

ALLEN & BELL and MCMILLAN & HAYNES, for appellee. The bill of exceptions should be stricken because in violation of rule 32.—*Gassenheimer v. Marietta Paper Co.,* 127 Ala. 183; *Sou. Ry. Co. v. Jackson,* 133 Ala. 384; *Graselli v. Davis,* 52 South. 35. The following cases show that the plaintiff in this case was a passenger and entitled to protection as such; 69 Pac. 440; Id. 1022; 6 Cyc. 539; 90 Fed. 709; 71 S. W. 516; 99 Ala. 545; 80 S. W. 865; 52 S. E. 890; 90 Am. St. Rep. 808; 1 A. & E. Ann. Cases 605. The cases cited by appellant demonstrate clearly that there was no error in the ruling of the trial court and that this cause should be affirmed, but see the following cases which support the action of the trial court in all matters complained of.—*Ball v. Mobile,* 145 Ala. 309; *B'ham Ry Co. v. Enslen,* 144 Ala. 343; *Burgess v. The Tenn. Co.,* 158 Ala. 158; *B. R. L. & P. Co. v. Byrum,* 139 Ala. 389; *Metcalf v. Sou. Ry. Co.,* 47 South. 158; *West v. Thomas,* 97 Ala. 633; *Sloss-Sheffield S. & I. Co. v. Tilson,* 141 Ala. 160; *Daniels v. Bradford,* 132 Ala. 262; *A. G. S. R. R. Co. v. Jones,* 71 Ala. 487; *Partridge v. Forsyth,* 29 Ala. 200.

ANDERSON, J.—There can be no doubt of the soundness of the proposition that, when a plaintiff sues for injuries sustained upon the track or premises of the defendant and relies upon simple negligence, he

must by proper averment set up the relationship between him and the defendant, and show that he is not a trespasser and is entitled to recover for the simple negligence as charged. Counts 4 and 5, however, aver such a relationship as to warrant the plaintiff in recovering for the simple negligence there charged. They charge that the plaintiff was rightfully on the defendant's premises at or near a station where he had gone for the purpose of taking passage upon defendant's train, which was then due or about due. If the complaint only stated that he was rightfully there, this might be a mere conclusion; but it further shows why and wherein he was rightfully there by the further averment that he had gone there to take passage upon the defendant's north-bound train, then due or about due. Nor did the counts have to set up the instrumentality of the injury or the quo modo. There was no error in overruling the demurrer to counts 4 and 5.

A person standing at or near a station awaiting his train is not guilty of contributory negligence by standing near the track, unless he gets so close thereto as to be struck by an ordinary train. In other words, if he stands far enough off to escape a train of ordinary width, but happens to be struck by something that projects therefrom, or is thrown or falls therefrom, he cannot be deemed guilty of contributory negligence.— *Denison & S. R. R. v. Craig,* 35 Tex. Civ. App. 548, 80 S. W. 865. Pleas 6, 7, 9, 11, 12, and 14, if not otherwise bad, fail to show a causal connection between the negligence charged and the cause of the injury. They charge the plaintiff with standing dangerously near the track, but do not show that he was struck by the passing train, or that the position as taken by the plaintiff was dangerous as against a natural or ordinary passing train. Non constat the plaintiff may have been

standing as the pleas charge, but was not struck by
the approaching train, and may have been a perfectly
safe distance therefrom, and was only injured because
of abnormal conditions, or by some instrumentality
other than the approaching train.

"The relationship of carrier and passenger is depend-
ent upon the existence of a contract of carriage, express
or implied, between the carrier and passenger, made by
themselves or their respective agents; and this rela-
tion begins when a person puts himself in the care of
the carrier, or directly within its control, with the bona
fide intention of becoming a passenger, and is accept-
ed as such by the carrier.   There is, however, seldom
any formal act of delivery of the passenger's person into
the care of the carrier, or of acceptance by the carrier
of one who presents himself for transportation; hence
the existence of the relationship is generally to be im-
plied from the attendant circumstances.   But it is un-
doubtedly the rule that these circumstances must be
such as to warrant the implication that one has offered
himself to be carried, and the offer has been accepted
by the carrier. And this, of course, necessarily involves
the existence of the fact that the person must signify
his intention to take passage, either by words or con-
duct, and those in charge of the car must assent by
words or conduct to his becoming a passenger."—*Ala.
City R. R. v. Bates,* 149 Ala. 490, 43 South. 99, and
cases there cited; Id., 155 Ala. 348, 46 South. 776.
While the foregoing is the general definition and rule
as to the relationship of passenger and carrier, the
books hold that it is the duty of the carrier to provide
safe and convenient stations, and means of ingress to
and egress from its cars; and if a person has the bona
fide intention of taking passage by train, and goes to
a station at a reasonable time, he is entitled to protec-

tion in these respects, as a passenger, from the moment he enters the carrier's premises.—*North Birmingham R. R. Co. v. Liddicoat,* 99 Ala. 545, 13 South. 18; Hutchinson on Carriers, § 1011.    Says Mr. Elliott, in his work on Railroads (section 1579) : "We think it safe to say that a person becomes a passenger when, intending to take passage, he enters a place provided for the reception of passengers, as a depot, waiting room, or the like, at a time when such a place is open for the reception of persons intending to take passage on the trains of the company." We may add that when a person goes to a flag station, and occupies a place or platform, placed there by the carrier for the reception of passengers, within a short time prior to the expected arrival of a train, which he has the bona fide purpose to take, he thereby becomes to all intents and purposes a passenger, and entitled at least to the protection as such from all injuries that may arise from passing trains.—*Railroad Co. v. Reynolds,* 71 S. W. 516, 24 Ky. Law Rep. 1402, 71 S. W. 516; *Railroad Co. v. Rhodes,* 86 Fed. 422, 30 C. C. A. 157.    This is upon the theory of an implied contract; that is, the party goes to the station at a time when invited to do so for the purpose of taking a train, and the jury can well infer a contract and presentation for carriage, and an implied acceptance by the carrier growing out of the presentation of the person at the place prepared for his reception and at a time for taking passage on the expected train.

We do not understand this holding to be contrary to the general rule, or in conflict with the *Bates Case,* 149 Ala. 487, 43 South. 98.    It is true that a part of the oral charge there excepted to, and held to be bad, related to a person at a station for the purpose of being carried upon the cars from one point to another; but this was in the alternative with another part of the charge

with reference to a person boarding a car, or who is attempting to board a car and which pretermitted an acceptance express or implied. Moreover, the charge did not state that the party must be there within a reasonable time before the approach or departure of the train he expected to board, or that there was a house, depot platform, or anything else for the reception of passengers. This seems to have been a trolley line, and the car may have been stationary at a regular stopping place for the reception of passengers, and yet there may have been no particular place or structure fixed there by the carrier for the reception of passengers— not such a place provided as would operate as an implied invitation to come there, or an implied acceptance of them if they reached there just in time to board the car then due or expected. Again, it has been held in well-considered cases that the general rule, to the effect that persons who have come upon the premises of the railroad company with the expectation of becoming passengers, and are proceeding in the proper and normal way to take a train, are passengers, is evidently not applicable to the same extent in the case of street railways, where the company has no station. —*Duchemin v. Boston Railway,* 186 Mass. 353, 71 N. E. 780, 66 L. R. A. 980, 104 Am. St. Rep. 580, 1 Ann. Cas. 603, and cases cited in note on page 606. There was proof that the plaintiff went to Saginaw, a flag station, on the defendant's road, for the bona fide purpose of taking the north-bound train, then about due, and while standing at a point, elevated with rock or other substance, placed there for the purpose of making it the place for people to take or get off the train, and where passengers were received and deposited, and was then and there injured as the result of a collision between a loose piece of iron or fireman's rake on the

[L. & N. R. R. Co. v. Glascow.]

defendant's pay train with a mail sack hanging on the crane. These facts, if true, made it a question for the jury as to whether or not the plaintiff was a passenger at the time he was injured, and the trial court properly refused all peremptory instruction that he was not a passenger as set up in the first count of the complaint.

There was evidence from which the jury could well infer negligence on the part of the defendant's servants and which proximately caused the injury to the plaintiff, and the defendant was not entitled to the general charge. Nor was the defendant entitled to the general charge upon the doctrine of contributory negligence, as the plaintiff was standing where he was invited to stand, and while he may have gone close to the track when "Aldrich" signaled the train then approaching, he testified that after they discovered that the pay train, which they thought was the passenger train, was not going to stop, and before it reached the station he stepped back 12 or 15 feet, where he was standing when hurt. Moreover, he was not struck by the passing train, but a substance, either the iron part of the mail sack, or the fireman's rake, or piece of iron found on the ground; the theory being that the iron projected from the train and collided with the mail sack, then attached to the crane, as the train went dashing by, and that both of them went with great velocity along the track before striking the ground and one or the other struck the plaintiff on the lower leg, inflicting a painful and serious injury.

Charges C, D, and E, given for the plaintiff, assert the law, nor were they abstract, as there was evidence from which the jury could infer that the plaintiff was a passenger, though, if abstract, the giving of same would not necessarily be reversible error.

Charges A and B merely instruct that the jury would be authorized to find that the defendant was guilty of negligence, if they find the existence of the facts therein hypothesized, and which said facts were in evidence. Nor were said charges bad for pretermitting that the negligence must have been the proximate cause of the injury, as they merely charged as to what would constitute negligence, and did not instruct a finding for the plaintiff. These charges are quite different from charge 3, which was held bad, in the case of *Birmingham R. R. Co. v. Jones*, 146 Ala. 277, 41 South. 146.

There was no error in refusing charge 25, requested by the defendant. If not otherwise bad, it was erroneous and misleading in instructing that plaintiff would be a trespasser while standing on the elevation furnished and prepared for receiving and depositing passengers, unless it was also intended that said place was to be used as a waiting place. If the defendant fixed this place for passengers to get on and off the trains, they would not be trespassers for standing there just before the arrival or departure of trains, whether it was prepared for a waiting place or not.

The trial court committed no reversible error in ruling upon the evidence, and a comment upon same can serve no good purpose.

We are not prepared to say that the verdict was plainly and palpably contrary to the weight of the evidence, as there were many positive facts, as well as circumstances, tending to show that the plaintiff was struck with some hard instrument contemporaneous with the passing of the defendant's pay train, that something on said train collided with the sack on the mail crane, and that either the mail sack or the projectile which struck said sack fell against the plaintiff's lower leg. This theory is much more plausible

than the suggestion that plaintiff stumbled or fell and hurt his leg on the ground, which said suggestion was refuted by witnesses.

The trial court did not err in refusing the motion for a new trial. The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur, except DOWDELL, C. J., not sitting.