(113 So. 44)

**WILLIFORD v. ATLANTIC COAST LINE R. CO. (4 Div. 256.)**

Supreme Court of Alabama. April 14, 1927.

Rehearing Denied June 2, 1927.

**1. Carriers** ⊙══286(1)—**Railroad held not under duty to place guard at track before station platform.**

Railroad *held* not under duty to place guard in front of track at station, where cement pavement extended 17 feet from station toward track and additional 12 feet to track was covered with sand and gravel.

**2. Carriers** ⊙══287(1)—**Railroad held not required to regulate width of locomotive pilot beam to permit persons within 3 feet of moving train.**

Railroad *held* not under duty to regulate width of pilot beam of locomotive so as to permit persons to walk within 3 feet of moving train.

**3. Carriers** ⊙══287(2)—**Fireman could presume intending passenger on station platform would keep out of way.**

Locomotive fireman, even if under duty to keep constant lookout, would be entitled to presume that intending passenger on station platform would keep out of reach of train, so as not to be struck by pilot beam.

---

⊙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Carriers ⬤➡347(3)—Railroad held entitled to general affirmative charge under evidence and pleas of contributory negligence of intending passenger struck on station platform.**

Railroad *held* entitled to general affirmative charge under pleas of contributory negligence of plaintiff's intestate in going too close to track at station, knowing train was approaching, and under evidence he stepped from waiting crowd within 3 feet from train, facing it.

**5. Pleading ⬤➡8(17)—Railroad's pleas of intending passenger's contributory negligence in going dangerously close to ordinary train held not demurrable as alleging conclusions.**

Railroad's pleas of contributory negligence of plaintiff's intestate, in that, knowing of train's approach to station, he "went dangerously close to track in close proximity to train which was natural and ordinary train," *held* not demurrable either as to form or substance; allegations being of facts, not conclusions.

**6. Appeal and error ⬤➡843(4)—Supreme Court will not consider alleged errors in rulings on pleas and evidence, where result of trial could not have been affected.**

Supreme Court will not consider alleged errors in overruling certain pleas and in admission and rejection of evidence, where, under evidence and pleas considered, result of trial could not have been affected.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Jewell Williford, as administratrix of the estate of S. H. Williford, deceased, against the Atlantic Coast Line Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Plaintiff's intestate was run against and killed by defendant's incoming passenger train in front of its station at Dothan, at about 1:30 o'clock, on a Sunday afternoon. The intestate had purchased a ticket for passage on that train, and had waited for its arrival along with some hundred or more people gathered about the station. When struck, he was walking near the track towards the point where the passenger coach would come to a stop for delivering and taking on passengers.

The complaint is in three counts. Count A charges that defendant "so negligently operated its said incoming train as to cause the same to run against plaintiff's intestate," as a proximate consequence of which he was injured and died. Count B, after alleging that the intestate had purchased his ticket for passage on this train, alleges further:

" * * * And while he was at said station waiting for a passenger train of defendant to come in, and while using the space passengers usually used in going to the place to get on and off, he was struck by the pilot beam of the engine of the incoming passenger train on which he was to take passage, and from said injuries died; and plaintiff avers that the space which was being used by passengers, and which was being used by her intestate south of the south rail of the main line on which said incoming passenger train came was flush or level with said rail; that the pilot beam on the defendant's incoming engine extended south on said rail a distance of, to wit, 33 inches, and plaintiff alleges that defendant negligently failed to place a guard or warning of any kind to indicate to a passenger when he was within the danger zone of a pilot beam of an engine from an incoming train, and by reason of said negligence, and as a proximate consequence thereof, Sam Williford plaintiff's intestate was injured to his death."

Count C is the same as count B except for an additional charge of negligence, which is as follows:

"That defendant, with knowledge that there was no guard or warning of any kind to indicate to passengers the danger zone of a pilot beam of an engine from an incoming train, so negligently operated said train as to cause the same to run against plaintiff's intestate," etc.

To each count defendant filed a plea of the general issue and 10 special pleas setting up contributory negligence in various forms. Plea 10 is as follows:

"That plaintiff's intestate was guilty of negligence which proximately contributed to his death at the time and place alleged in this: That knowing of the approach and dangerous proximity of defendant's train which struck him, he voluntarily and negligently went upon or dangerously close to the track upon which said train was approaching, at the said time and place, and in close and dangerous proximity to said train, which was a natural and ordinary train, and was struck by said train and injured to his death."

Plea 12 is as follows:

"That plaintiff's intestate was guilty of negligence which proximately contributed to his death at the time and place alleged in this: That knowing of the approach and dangerous proximity of defendant's train which struck him, he voluntarily and negligently went upon or dangerously close to the track upon which said train was approaching at the said time and place, and in close and dangerous proximity to said train, which was a natural and ordinary train, and was struck by said train and injured to his death; and defendant avers that it had provided ample waiting rooms in its station and a cement platform around its station house, out of the zone of danger from passing trains, for passengers to wait for incoming trains."

Demurrers to all of the special pleas being overruled, issue was joined, and at the close of the evidence the trial judge instructed the jury, with hypothesis, to find for the defendant, as duly requested by it in writing.

The evidence shows without dispute the following facts: Defendant's station at Dothan faces north, and its main track, running east and west, is a distance of 29 feet from the building. For 17 feet in front the ground is paved with cement, and from there on to the

main track, a distance of 12 feet, it is covered with sand and gravel, and the cross-ties between the rails are completely covered. When the train reached the freight station, 81 feet east of the passenger station, the crowd waiting around the station began to move towards a point between the two stations where the passenger coaches would stop, and intestate was seen in the crowd within a foot or two of the edge of the concrete at the northeast corner. He then got on the outside of the crowd, and was observed by a number of witnesses walking near the track, towards and facing the incoming train. These witnesses differ somewhat in their accounts of his movements, but all agree that he got so near the track that the pilot beam of the engine struck him and knocked him up on the pilot, from whence he fell or was thrown to the ground. Several of the witnesses for plaintiff stated that they saw him walking so close that he would be hit, but it does not appear that any one warned him of his danger.

The pilot beam of this engine extended 2 feet and 11 inches beyond the rail on either side.

Lee & Tompkins and O. S. Lewis, all of Dothan, for appellant.

Contributory negligence is a special defense, and must be pleaded with particularity. Southern Ry. Co. v. Shelton, 136 Ala. 191, 34 So. 194; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933. Intestate was entitled to the same protection as a passenger. Central of Ga. R. Co. v. Bell, 187 Ala. 541, 65 So. 835. Pleas of contributory negligence were subject to demurrers, in that they stated mere conclusions without averment of facts in support thereof.

If there is any evidence which tends to establish plaintiff's case, the trial court should not give the affirmative charge for defendant. L. & N. v. Lancaster, 121 Ala. 471, 25 So. 733; Tobler v. Pioneer Min. Co., 166 Ala. 517, 52 So. 86; Shipp v. Shelton, 193 Ala. 658, 69 So. 102. The question whether intestate was guilty of negligence was for the jury. A. G. S. v. Bell, 200 Ala. 562, 76 So. 920.

Arrington & Arrington, of Montgomery, for appellee.

One, waiting at a railroad station to take passage on a train, who voluntarily gets on the track or dangerously near thereto without stopping, looking, or listening, is not only guilty of negligence, but is a trespasser. A. G. S. v. Bell, 200 Ala. 563, 76 So. 920. Defendant's pleas of contributory negligence were not subject to demurrer. L. & N. v. Glascow, 179 Ala. 251, 60 So. 103. Only ordinary care is required of the carrier toward a passenger while waiting at the carrier's station. N. C. & St. L. v. Crosby, 183 Ala. 237, 62 So. 889.

SOMERVILLE, J. We have examined all of the testimony in this case, and our conclusion is that the true story of the intestate's tragic end has been told by plaintiff's witness Adams in a single pregnant sentence, "He just walked down and got too close to the track, and the train struck him." This is, indeed, the plain significance of what all the witnesses said about it.

[1, 2] The defendant was under no duty to place and maintain a guard rail or other warning device in front of its track at the Dothan station, nor was it under any duty to regulate and restrict the width of the pilot beams of its locomotives so as to permit heedless persons to walk within 3 feet of a moving train without suffering harm.

[3] We need not decide whether the failure of defendant's fireman to keep a constant lookout as the engine nearly approached and passed the passenger station was negligence or not, for if he had done so he could scarcely have estimated that the intestate was or would step within the line of danger, and he would have had a right to presume that he would keep out of reach of the train; and, in any case, when he stepped within reach of the pilot beam, nothing could then have been done to save him.

[4, 5] However, if it were conceded that defendant was chargeable with negligence of any sort, it was clearly entitled to the general affirmative charge, as given, under pleas 10 and 12. Those pleas sufficiently showed contributory negligence on the part of intestate, and were not demurrable either as to form or substance. The allegation that intestate "went dangerously close to the track upon which said train was approaching, and in close and dangerous proximity to said train," is not the statement of a conclusion but of a fact. So, also, the statement that this train was "a natural and ordinary train" is a statement of fact that could not be made in any other reasonable way. See the case of L. & N. R. Co. v. Glascow, 179 Ala. 251, 257, 258, 60 So. 103.

These pleas were fully sustained by the evidence. The intestate was not merely aware of the imminence of the approaching train, but was face to face with the engine—within a few feet of it—and in a position to judge with accuracy the relative danger or safety of his position. It was his duty to look out for his own safety, and in thus passing out beyond the crowd—who were evidently observing the rule of ordinary care, and keeping within the line of safety—and approaching within 3 feet of the rails immediately in the face of the moving engine, the intestate was guilty of the grossest negligence, as a matter of law, which must bar

any recovery for the prior negligence, if any, of the defendant.

[6] Whether the demurrers to several of the other pleas of contributory negligence were erroneously overruled or not, or whether any error was committed in the admission or rejection of evidence, the result of the trial could have been in no wise affected by any of those rulings, and we therefore pretermit their consideration.

Under the issues and evidence the trial judge could not do otherwise than give the general affirmative charge for defendant, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, BOULDIN, and BROWN, JJ., concur.