(115 So. 246)

## McWILLIAMS v. LOUISVILLE & N. R. CO.
### (3 Div. 818.)

Supreme Court of Alabama. Jan. 19, 1928.

**1. Carriers ☞247(2)—One waiting, in proper time and place, to take train, is entitled to protection as passenger.**

One waiting, in proper time and place, to take train, is entitled to protection as passenger.

**2. Carriers ☞327—Intending passenger struck by train held contributorily negligent in approaching too near to track on station platform.**

Plaintiff going on platform for purpose of taking train and while there struck by engine and injured *held* contributorily negligent in approaching too near to track, where there was nothing to assure or even intimate safety in place where plaintiff was.

**3. Carriers ☞327—Intending passenger, on approaching track, failing to stop, look, and listen, held contributorily negligent.**

Plaintiff going on platform near tracks for purpose of taking train and struck by engine *held* contributorily negligent in failing to stop, look, and listen before going near track.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Action by T. M. McWilliams against the Louisville & Nashville Railroad Company. Plaintiff takes a nonsuit and appeals from adverse rulings on the pleading, overruling demurrers to defendant's pleas. Affirmed.

Count 2 of the complaint is as follows:

"The plaintiff claims of the defendant the sum of $2,500 for in this that on, to wit, the 24th day of June, 1925, while plaintiff was on cement pavement, or platform, erected by defendant for the use of its patrons, at its station at Flomaton, Ala., the defendant being at the time a common carrier of passengers at Flomaton, Ala., said cement pavement or platform being erected between or along the side of defendant's railroad tracks at said place, the defendant through its agents or servants, who were engaged in the scope of their employment, negligently run defendant's train or locomotive into or against plaintiff, knocking him down, breaking his shoulder, injuring his head, and badly bruising his body, and as a proximate consequence of said injuries plaintiff was made sick and sore, was confined practically to his room for a long time, to wit, 30 days; that said injuries caused plaintiff to suffer great physical and mental pain, and plaintiff was permanently injured, in that his eyesight was and is impaired, and plaintiff still suffers bodily pain from said injuries. Plaintiff was at the time of said injuries on or upon said cement pavement or platform for the purpose of taking passage on defendant's train as a passenger."

Pleas A and J are as follows:

"A. Now comes the defendant and for further answer to the complaint as amended and each count thereof says that the plaintiff was himself guilty of negligence which contributed to the injury complained of, in this, that at the time of the alleged injury the plaintiff was walking in a southerly direction between the tracks of the defendant at the station of defendant at Flomaton, that there was a distance of, to wit, 15 feet between said tracks, that there was ample room between said tracks for a person traveling on foot to walk without danger, and that such spaces between said tracks were used by the public generally in traveling on foot with safety, but the plaintiff at the time of said injury in traveling between said tracks walked so near to western track upon which there was a moving train that he was struck by said train when plaintiff could have walked a distance of, to wit, 10 feet from said western track upon which there was a moving train without danger, and in perfect safety. Defendant further alleges that

plaintiff was not at the time a passenger on the train by which he was struck, neither was he endeavoring to board said train as a passenger; wherefore plaintiff should not recover in the action."

"J. The plaintiff was himself guilty of negligence which proximately contributed to the injury complained of, in this, the plaintiff, while walking along or by the railroad track of the defendant, upon which was a moving train, failed to stop, look, and listen for approaching trains until he walked so near to the said track of defendant as to be struck by an approaching train upon said track, and plaintiff knew or should have known that a train was approaching on said track, and had plaintiff stopped, looked, and listened at a safe distance from said railroad track the approaching train could have been observed and the injury averted."

Hybart, Hare & Rankin, of Brewton, for appellant.

Plaintiff had a right to rely upon the safety of the platform. Campbell v. Y. & M. V. R. Co., 95 Miss. 309, 48 So. 618, 21 Ann. Cas. 1179; Metcalf v. St. Louis, etc., R. Co., 156 Ala. 240, 47 So. 158.

Steiner, Crum & Weil, of Montgomery, and Hamilton & Caffey, of Brewton, for appellee.

If one who intends taking passage on a train voluntarily gets upon a track, or dangerously near thereto, without stopping, looking, and listening for approaching trains, he is guilty of negligence and may in fact become a trespasser. A. G. S. v. Bell, 200 Ala. 562, 76 So. 920. If one who knows of an approaching train goes dangerously close to the track, in close proximity to the train, and is thereby injured, when there is a reasonably safe method of avoiding the injury open to him, he is guilty of contributory negligence. Williford v. A. C. L. R. Co., 216 Ala. 309, 113 So. 44. The same is true when, by the exercise of due care, he would have known of the approaching train. Ball v. Semet-Solvay Co., 208 Ala. 648, 95 So. 50; Holland v. T. C. I. R. Co., 91 Ala. 444, 8 So. 524, 12 L. R. A. 232; L. & N. R. Co. v. Banks, 16 Ala. App. 188, 76 So. 472. Defendant's pleas were not subject to demurrer. Widener v. A. G. S. R. Co., 194 Ala. 115, 69 So. 558; L. & N. R. Co. v. Glascow, 179 Ala. 251, 60 So. 103.

SAYRE, J. Count 2 of the amended complaint alleges that plaintiff (appellant) was upon a "pavement or platform" erected by defendant for the use of its patrons at its station, where plaintiff was for the purpose of taking passage on one of its trains, and that defendant by and through its agents or servants negligently ran its locomotive or train against plaintiff, causing the injuries alleged in the complaint.

Count 3 is to the same general effect, but differed in this respect: It is alleged that defendant's pavement or platform was erected for use of its "patrons or invitees"; that "a portion of defendant's train overlapped or

217 ALA.—13

projected over the edge of said platform" where plaintiff "had gone" for the purpose of becoming a passenger on defendant's train. The defense was stated in a number of special pleas, all designed to charge contributory negligence. Demurrers to these pleas were overruled, whereupon plaintiff took a nonsuit with appeal as provided by the statute.

[1] Plea A, to consider it in the first place, denies that plaintiff was "a passenger on the train by which he was struck" or that "he was endeavoring to board said train," all which, obviously is no denial of the allegation that plaintiff was on the platform or had gone there for the purpose of taking passage. Looking to the complaint, plaintiff may have been entitled to protection as a passenger though he was neither a "passenger on the train" nor was "endeavoring to board said train." If, in proper time and place, he was waiting to take a train, he was entitled to protection as a passenger. Widener v. A. G. S., 194 Ala. 124, 69 So. 558; L. & N. v. Glascow, 179 Ala. 251, 60 So. 103. So the denials in question may be laid out of view. The complaint, as the brief discloses, proceeded upon the theory of right and responsibility stated in Campbell v. Yazoo & M. V. R. Co., 95 Miss. 309, 48 So. 618, 21 Ann. Cas. 1179. The complaint itself is not so clear to that point. If the complaint intends to describe the place where plaintiff was as a platform raised so as clearly to define that part of the defendant's premises on which passengers were expected or permitted to go or be—we do not intend to deny that the proper waiting place might be otherwise delimited—then the law of Campbell v. Railroad, supra, should be applied. The opinion in that case follows the language of the New York Court of Appeals in Archer v. Railroad, 106 N. Y. 589, 13 N. E. 318, where it was held, and correctly so, we do not doubt, that a passenger has the right to act upon the "assumption that every necessary and reasonable precaution would be taken to make the platform safe, that he had a right to regard the platform as a safe and proper place, and that to bring, without notice, a train at such a speed up to a station and into the neighborhood of outgoing and incoming passengers, and so near a platform provided for them as to sweep a portion of it, was negligence." But the complaint, as heretofore stated, described the place where plaintiff was as a "pavement or platform" without more.

[2] The plea describes the place, consistently with the complaint, though in different language, as being "between the tracks of the defendant at the station * * * a distance of, to wit, 15 feet between said tracks," which "space between said tracks," paved, it is conceded, "was used by the public generally in traveling on foot with safety," and the further effect of the plea is to allege that plaintiff walked so near to the western track,

upon which there was a moving train, that he was struck when he could have walked at a safe distance from said western track, and the allegation is that this constituted contributory negligence on the part of plaintiff; this last allegation being sufficient as against any stated ground of demurrer. In the situation thus shown, plaintiff was chargeable with contributory negligence. In his surroundings, as they appear in the pleadings, there was nothing to assure or even intimate safety in the place where plaintiff was, and his act in walking there was negligent. Williford v. Atlantic Coast Line (Ala. Sup.) 113 So. 44; [1] A. G. S. v. Bell, 200 Ala. 562, 76 So. 920. The plea, then, as for any ground of demurrer taken against it, was a good plea. So of plea B. Plea D is the same, in substance, though somewhat elaborated. This plea also denies that plaintiff was a passenger, and alleges that he was leaving the defendant's station and had gone from the cement platform. These matters, of course, did not detract from the plea. Plea E adds that plaintiff neither stopped, nor looked, nor listened for the approach of any train. Plea F is virtually the same as E, excepting that it omits the stop, look, and listen formula.

There were other special pleas, viz. F, G, H, and I, none of them differing from those stated above in any matter that would affect the decision of the questions presented on this appeal.

[3] Plea J invoked specially the stop, look, and listen doctrine. In the situation alleged in the complaint it was plaintiff's duty to look and listen, and, if necessary, to stop, before going so near the track as to be stricken by a passing train. Failing this, he was guilty of contributory negligence.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

