[Ala. City, G. & A. Ry. Co. v. Bates.]

# Ala. City, G. & A. Ry. Co. *v.* Bates.

*Damages for Injury to Passengers.*

(Decided Feb. 14, 1907.   43 So. Rep. 98.)

1. *Carriers; Injury to Passengers; Evidence; Burden of Proof.*—The burden is on the plaintiff to show that he was a passenger, in an action for injuries alleged to have occurred while plaintiff was boarding one of defendant's cars, at a regular stopping place for the reception of passengers.

2. *Same; Instructions; Who are Passengers.*—An instruction defining a passenger "as one who is boarding a car, or attempting to board a car, or at the station of a company operating a car for the purpose of being carried on the car from one point to another" and the further statement therein that "he becomes a passenger, when, with the intention of boarding a train, he attempts to board for the purpose of riding," is erroneous, in pretermitting all enquiry of acceptance as such by the carrier.

3. *Trial; Instructions; Ignoring Defenses; Permitting Recovery for Causes not Counted on.*—The complaint alleging that the injury occurred while the plaintiff was boarding one of defendant's cars while the car was stationary at a regular stopping place for the reception of passengers, and was caused by the defendant negligently putting the car in motion when plaintiff was in a perilous position; and the defense being the general issue, and contributory negligence in attempting to board the car while in motion, in front of a trunk or box near defendants' track resulting in plaintiff's having run into the trunk or box causing the injury complained of, it was erroneous to instruct the jury that if there were two proximate and concurring causes at the time of the injury "for instance, if there was negligence in moving the car by the conductor when plaintiff attempted to board it, if that was negligent, if that was one of the causes, and if there was a trunk or box here, and that was another cause, and if both these causes, contributed to the injury, still plaintiff can recover, because he is not cut off by the fact of the box being there; as it ignores the plea of contributory negligence, and permits recovery for cause not alleged.

4. *Carriers; Injury to Passengers; Instructions; Sudden Danger.*— An instruction asserting that "one brought into sudden danger

by the wrong of another is not expected to act with coolness and deliberation as would a reasonable man under ordinary circumstances," is erroneous in predicating, as matter of law, lack of coolness upon merely sudden danger, however slight, as distinguished from extreme danger.

APPEAL from Etowah Circuit Court.
Heard before Hon. W. W. HARALSON.
Action by Perryman Bates against the Alabama City, Gadsden & Attalla Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

BURNETT, HOOD & MURPHEE, for appellant.—Where the evidence is conflicting it is reversible error to fail or refuse to charge on contributory negligence when that issue is raised.—*Memphis St. Ry. Co. v. Newman,* 69 S. W. 269; *Davidson v. Metropolitan St. Ry.,* 75 N. Y. App. Div. 426. The court erred in its definition of what is a passenger.—*N. Bir. Ry. Co. v. Liddicoat,* 99 Ala. 549; *O'Hara v. St. Louis Transit Co.,* 76 S. W. 680; *Farley v. C. H. & D. R. R. Co.,* 108 Fed. 16 and cases there cited; *Indiana Ry. Co. v. Hudson,* 74 Am. Dec. 256. Where error is shown the presumption of injury arises and must be clearly repelled by the record or the judgment will be reversed.—*Moody v. McGowan,* 39 Ala. 586; 2 Mayf. 129. The case of *Southern Ry. Co. v. Johnson,* 39 South. is almost on all-fours with this case and the court's attention is invited to it and the cases there cited. Counsel discuss charges given and refused but cite no authority.

GOODHUE & BLACKWOOD, and HOWARD & HUNT, for appellee.—Counsel discuss assignments of error but cite no authority.

TYSON, C. J.—This case was tried upon the fourth count of the complaint, which was added by amendment. The plaintiff's injuries are alleged to have occurred while he was in the act of boarding one of defendant's cars as a passenger, while the car was stationary at a regular stopping place for the reception of pas-

[Ala. City, G. & A. Ry. Co. v. Bates.]

sengers, and to have been caused by the negligent act of defendant in putting the car in motion when he was in a position that rendered it perilous to do so, thereby causing him to be violently thrown down, etc. The defendant's pleas were the general issue and contributory negligence. The contributory negligence alleged was: First, that plaintiff negligently attempted to board the car, while it was in motion, in front of a trunk near defendant's track, and while thus attempting to board said car he ran over or against said trunk, which caused him to fall, etc.; second, that plaintiff took hold of a handhold fastened to said car, and after said car was placed in motion, and while still holding on to said handhold, negligently walked along by the side of the car, keeping pace with it, when he ran over or against a trunk that was near defendant's railway track, which caused his fall; and, third, that plaintiff negligently attempted to board said car, while it was in motion, in front of a trunk standing on a platform near defendant's track, and while walking along by the side of said car on said platform, and just before plaintiff reached said trunk, he turned and looked away from the direction of said trunk, whereupon he ran over or against said trunk, which caused him to fall, etc.

We have set out the pleadings in detail and with particularity, in order that the issues of fact presented by them may be readily seen. It is scarcely necessary to say that the burden of proof was upon the plaintiff to establish every material allegation of his complaint. If he failed to show that he was a passenger at the time of his injury, or if that relation between him and the company is shown, and his injuries were caused other than by the negligent act of defendant in putting the car in motion, he was not entitled to recover. In other words, if he was not a passenger at the time he received his injuries, or if he was a passenger and his injuries were caused by his falling over the trunk, which was on the platform, in his attempt to board the car while it was in motion, then he has failed to prove the allegations of his complaint, and cannot recover. Of course, if the defendant proved either of its pleas of contributory negligence, this would defeat the plaintiff's action.

One of the contested issues of fact upon the trial was whether the plaintiff was a passenger. The general principles applicable and controlling in the solution of the question under the pleadings and evidence in this case may be stated to be these: A passenger may be defined to be one who undertakes, with the consent of the carrier, to travel in a conveyance furnished by the latter, otherwise than in the service of the carrier as such.—Shearman & Red. on Neg. § 488. The relation of carrier and passenger is dependent upon the existence of a contract of carriage, express or implied, between the carrier and passenger, made by themselves or their respective agents; and this relation begins when a person puts himself in the care of the carrier or directly within its control, with the bona fide intention of becoming a passenger, and is accepted as such by the carrier. There is, however, seldom any formal act of delivery of the passenger's person into the care of the carrier, or of acceptance by the carrier of one who presents himself for transportation; hence, the existence of the relation is generally to be implied from the attendant circumstances. But it is undoubtedly the rule that these circumstances must be such as will warrant the implication that one has offered himself to be carried and the offer has been accepted by the carrier. And this, of course, necessarily involves the existence of the fact that the person must signify his intention to take passage either by words or conduct, and those in charge of the car must assent by words or conduct to his becoming a passenger.—*North Birmingham R. R. Co. v. Liddicoat*, 99 Ala. 545, 13 South. 18; *O'Mara v. St. Louis Transit Co.*, 76 S. W., 680, 102 Mo. App. 202; *Farley v. C., H. & D. R. Co.*, 108 Fed. 14, 47 C. C. A. 156; *Webster v. Railway Co.*, 161 Mass. 298, 37 N. E. 165, 24 L. R. A. 521; *Ill. Central R. R. v. O'Keefe*, 61 Am. St. Rep. 68, 168 Ill. 115, 48 N. E. 294, 39 L. R. A. 148; Elliott on R. R. § 1578; 3 Wood on R. R. p. 1205; 5 Am. & Eng. Ency. Law, pp. 486-489, and cases cited in note; Nellis on St. R. R. Accident Law, pp. 39-43.

We need only apply these principles to see that the trial court, in his oral charge to the jury, erred in the definition given them of a passenger, to which an ex-

ception was reserved, which was in this language: "A passenger is one who is boarding a car, or who is attempting to board a car, or at the station of a company operating a car, for the purpose of being carried on the cars from one point to another." And likewise in the statement: "He becomes a passenger when, with the intention of boarding a train, he attempts to board for the purpose of riding." There was also an exception to this language of the oral charge: "That if there were two causes of an injury, two proximate concurrent causes, and each contributes proximately to the injury, why, then, action can be maintained against either." And to this language: "Well, now, if there were two proximate concurrent causes there at the time of the injury to Mr. Bates, for instance, if there was negligence in the moving of the car by the conductor when he attempted to board it, if that was negligence, if that was one of the causes, and if there was a trunk or box or other obstacle there, and that was another cause, and if both of these causes in your judgment contributed to the injury, why, then, still plaintiff can recover, because plaintiff is not cut off by the fact of the box being there." It is clear this instruction ignored the defense of contributory negligence, as well as permitted a recovery for causes of injury not counted on in the complaint.

There were many other rulings to which exceptions were reserved, and many charges refused to defendant, but what we have said will doubtless suffice for another trial, save, perhaps, charge numbered 42, given at plaintiff's request. That charge is in this language: "The court charges the jury that one brought into sudden danger by the wrong of another is not expected to act with coolness and deliberation as moved a reasonable man under ordinary circumstances." It was doubtless the purpose of the charge to obtain the benefit of the principle: "Where by the negligence of the defendant, or those for whom he is responsible, the plaintiff has been suddenly placed in a position of extreme peril, and thereupon does an act which, under the circumstances known to him, he might reasonably think proper, but which those who have a knowledge of all the facts, and time to consider them, are able to see

[Birmingham Railway Light & Power Co. v. Wise.]

was not in fact the best, the defendant cannot insist that under the circumstances the plaintiff has been guilty of negligence."—*Central of Ga. Ry. v. Foshee*, 125 Ala. 215, 27 South. 1006. It needs no comment to show that the charge does not correctly assert the principle. It will be noted that it attempted to predicate as matter of law lack of coolness and deliberation upon merely "sudden danger," however slight that danger might have been, to say nothing of other vicious infirmities.—*Birmingham Ry. & Elec. Co. v. Butler*, 135 Ala. 388, 33 South. 33; *L. & R. R. Co. v. Thorton*, 117 Ala. 274-282, 23 South. 778.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.