## Patrick Kelleher, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 16,051.

1. PASSENGER AND CARRIER—*when relation established.* If a person, when a car is standing still, places one foot upon the step of the platform thereof with the intention of boarding such car, the relation of passenger and carrier is established.

2. INSTRUCTIONS—*what phrases having reference to starting a car not synonymous. Held,* that a car might be "suddenly and violently started forward" without being put in "rapid motion."

3. VERDICT—*when not excessive. Held,* in an action for personal injuries, that a verdict for $3000 was not excessive, where the plaintiff as a result of his injuries was confined to his bed for about four months and for a year was seriously hampered in doing his customary work.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 13, 1912.

**Statement by the Court.** This is an appeal from a judgment rendered in favor of appellee in the Circuit Court. ·The case has been tried twice. The first trial resulted in a disagreement of the jury. Upon the second trial the jury assessed appellee's damages at the sum of $3,000. Judgment was rendered accordingly, from which this appeal is prosecuted.

Plaintiff's evidence tends to show that he received the injuries complained of while attempting to board a street car operated by appellant. He states that in company with a fellow workman, upon quitting work about half after four o'clock in the afternoon of November 1, 1901, he walked to the corner of 55th street and Lake avenue. They waited there for a street car. When the train, headed by a grip-car, approached the two men "went out on the street," as there is testi-

mony tending to show. The grip-car passed them about
five or six feet and came to a stop. The two men fol-
lowed it and plaintiff's companion got on the grip-car.
Plaintiff tried to get on, but says he did not get time;
that he ''gripped the railing on the end of the seat and
got one foot on the running step of the grip-car;'' that
the car was then standing still, but that when he tried
to put his other foot on the running board of the grip-
car, the bell was rung, the car gave a jerk and
twisted him around; that he had his dinner pail in his
right hand; that the ''car was going too quick for''
him; that he ''lost his feet'' and was not able to pull
himself on; that his wrist gave out and he had to let'
go; that in falling down his left shoulder and elbow he
thinks struck the running board of the car and his
breast hit the pavement. He was in bed, he says, about
four months after the accident, and noticed a ''little
grain of black blood'' the next day in his sputum and
for about four weeks thereafter and he noticed a little
in his urine for about a week. He claims to have had
pains in his side and chest ever since the accident, and
testifies that three years after the accident a splinter
of bone about a quarter of an inch long, with a sharp
point, about an eighth of an inch thick in the middle
and ''not so thick in the butt end'' worked its way out
at the wrist.

Before the accident here in question plaintiff had
been shot at the time of a strike in the fleshy part of
the thigh; and August 31, 1906, when he was crossing
a railroad track after quitting work he was struck by
an engine which injured the ankle of his left leg and
caused him the loss of the four small toes and part of
the foot, including the heel of his right foot, from which
a bone was taken out by the surgeon. The right foot
has since been crooked and deformed.

The defendant's contention is that plaintiff and his
companion were attempting to board the train after it

was in motion; that his companion succeeded in getting on but that the plaintiff got hold of the car and had one foot on the running board, when he lost his hold and fell. There is evidence tending to support this contention.

JAMES G. CONDON, for appellant; IRVIN I. LIVINGSTON, of counsel.

QUIN O'BRIEN and LAWRENCE W. POTTER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of the defendant that the declaration is insufficient, that the verdict is contrary to law and the weight of the evidence, that plaintiff's counsel was guilty of improper conduct at the trial and that the Court erred in giving and refusing instructions. The alleged defect in the declaration consists, according to counsel, in its failure to allege facts and circumstances showing that the negligence alleged was the breach of any duty owing to the plaintiff from the defendant since, as it is said, it fails to allege facts or circumstances from which it can reasonably be inferred that the plaintiff was a passenger on the car, or that the relation of carrier and passenger existed between plaintiff and the defendant.

The declaration consists of a single count. It alleges that defendant's business was that of a common carrier of passengers for hire, and that it ought to have exercised due care to avoid injuring such passengers; that the defendant's car had stopped at a usual place of receiving passengers and plaintiff was in the act of getting on the car, when before plaintiff was fully on said car and while he was in the act of boarding the car with reasonable care, defendant's agents negligently

and carelessly caused the car to be suddenly and violently started forward, by reason of which the plaintiff was "thrown violently from said car" and injured. The declaration is not open to the objection urged. We deem it unnecessary to refer to the cases mentioned by defendant's counsel or to take time to analyze and differentiate them. The case of Grace and Hyde Co. v. Sanborn, 124 Ill. App. 472-479 et seq., and the opinion of the Supreme Court in the same case in 225 Ill. 138-141, are we think relevant. In Nellis on Street Surface Railroads, p. 446, it is said: "Certainly where a street car stops at a usual place for passengers and a person in the exercise of due care gets on the steps or platform, or places one foot on the step of the car for the purpose of taking passage while it is so waiting, he is to be regarded as a passenger." If the plaintiff got on the car for the purpose of taking passage thereon while it was standing still and was as the declaration alleges violently thrown therefrom by the sudden starting of the car when he had gotten but one foot on the car step, he had become in the eye of the law a passenger. In Clark's Street Ry. Accident Law, 2nd ed. (1904), Section 3, it is said that "a person does not have to be actually on a street car before he becomes entitled to the rights of a passenger. If a car has been stopped on being signalled and he is in the act of getting aboard when the car starts, the relation of carrier and passenger is held to be established." The question of the sufficiency of the declaration was involved in Chi. Union Traction Co. v. O'Brien, 117 Ill. App. 183-189, and what is there said on this subject by Mr. Justice Adams is we think applicable in the case at bar. Here, as in that case, the substance of the averments in the declaration was "that appellee was impliedly invited to get on the train and was getting on it when the accident occurred. Facts are averred from which the legal conclusion that appellee was a pas-

senger is deducible.  We think the declaration suffi-
cient to admit evidence showing that appellee was a
passenger.''

The verdict is supported so far as the question of
negligence is concerned by evidence in plaintiff's be-
half.  The conflict as to whether plaintiff was injured
by reason of the car being suddenly started before he
could get on or whether he was trying to get on while
the car was moving must be deemed concluded by the
verdict.

We are unable to concur in appellant's contention
that the evidence relating to plaintiff's injury by a
bullet was necessarily prejudicial and find no reversible
error in the admission of the evidence tending to show
that a so-called splinter of bone came from the wrist
about three years after the injury complained of.

It is urged however that there was reversible error
in giving and refusing instructions.  The first instruc-
tion the refusal of which is complained of would have
been erroneous, if given.  A car might be ''suddenly
and violently started forward,'' as the declaration
charges, without being put in ''rapid motion,'' as
stated by the instruction in question.  As to the next
instruction complained of, which was given at plain-
tiff's request, we have already indicated our view that
the declaration sufficiently stated facts from which the
relationship of passenger and carrier as a matter of
law was clearly deducible.  There is no error there-
fore in the reference contained in that instruction to
''negligence as charged in the declaration.''  In like
manner objections are urged to plaintiff's instructions
numbered 2, 3, 6, 7, 8 and 9, and the refusal of plain-
tiff's instruction Number 35.  Appellant's brief and
argument contains more than 183 printed pages.  It
must suffice to say that we have considered with care
the objections urged in reference to these instructions
and find no material or reversible error.

It is urged that the verdict and judgment of three thousand dollars is excessive. That in our judgment the jury were warranted by the evidence in finding the defendant guilty of negligence causing injuries of which the plaintiff complains we have above indicated. There is evidence tending to show that the plaintiff was confined to his bed about four months after the accident, was then around the house and yard about four or five weeks and then went back to work; that for a year he could not lift a heavy load or use a shovel. The accident happened November 1, 1901. Plaintiff testified that until August 31, 1906, when he was again injured as before stated in a railroad accident, he felt fairly well and was apparently doing his usual work the greater part of the time. His injuries up to that time were confined to bruises from his fall at the time of the accident now in question, except that he testifies he saw some traces of blood in his sputum and urine shortly after the accident. There is evidence in behalf of defendant tending to show that many of the symptoms complained of by appellant were such as might be ascribed to rheumatism. Upon this evidence the verdict of the jury fixed the amount of damages at $3000. While if sitting as jurors we might have regarded this amount as excessive, the question was clearly within the province of the jury to determine, and the amount is not so clearly excessive as to justify this court in setting it aside.

Finding no material error in the record, the judgment of the Circuit Court will be affirmed.

*Affirmed.*