# Western Railway of Alabama *v.* McGraw.

*Injury to Passenger.*

(Decided May 15, 1913.   62 South. 772.)

1. *Carriers; Passengers; Injuries; Presumption.*—Where a passenger is injured by the breaking down, overturning, derailment or collision of a car on which he is riding, or sudden jolt of the train, or by some cause within the car, or by an obstruction on the track or near thereto, the presumption arises prima facie that the accident was due to the negligence of the carrier; this is not true, however, where the accident causing the injury is not to the vehicle, but to the passenger, nor where the injury is caused while the passenger is alighting from the vehicle by stepipng on an object improperly left on the platform, etc., and in such a case, proof of the injury alone will not be sufficient to charge a carrier with negligence.

2. *Same.*—Where the injury to a passenger is such as to give rise to the presumption, under the doctrine of res ipsa loquitur, of negligence on the part of the carrier or its servant, the duty is on the carrier to exonerate itself from liability by showing that the accident was inevitable, or that it could not have been avoided by the exercise of the utmost care reasonably consistent with the conduct of the business.

3. *Same; Complaint.*—Where each count of the complaint alleges facts sufficient to show prima facie negligence under the doctrine of res ipsa loquitur, in an action for injury to a passenger, the counts were not subject to demurrer.

4. *Same.*—Where each count alleges facts sufficient to raise the prima facie presumption of negligence under the doctrine of res ipsa

[Western Railway of Alabama v. McGraw.]

loquitur for injury to a passenger, the counts were not defective for a failure to allege a particular or specific act of negligence.

5. *Same; Negligence of Third Person.*—Where the action was for injury to a passenger caused by derailment, pleas which allege generally that the derailment was caused by a third person, but which failed to negative that the negligence of defendant may have concurred with that of the third person to cause the injury, are insufficient on proper demurrer.

6. *Negligence; Pleading; General Averments.*—In an action for injury, a general averment of negligence is sufficient, if the facts stated show the existence of a duty on the part of defendant to act, arising out of the relation of the parties.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Action by C. T. McGraw against the Western Railway of Alabama for injuries sustained while a passenger. Judgment for palintiff and defendant appeals. Affirmed.

GEORGE P. HARRISON, for appellant. The complaint was demurrable as it averred a conclusion and stated no facts from which negligence could be inferred.—*M. T. L. Co. v. Burns,* 165 Ala. 242; *Pa. Cas. Co. v. Perdue,* 164 Ala. 508; *B. R. L. & P. Co. v. Weathers,* 164 Ala. 23; *Meyer v. Black,* 139 Ala. 174. The third count contained an alternative which rendered the whole count subject to demurrer.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 571. On these authorities it is insisted that the court should have sustained the demurrer to counts 4, 5 and 6. The court also erred in sustaining demurrer to defendants pleas 2, 3 and 4.—*Williams v. Woodward I. Co.,* 106 Ala. 254; *Wes. Ry. v. Walker,* 113 Ala. 267; *Irwin v. L. & N.,* 161 Ala. 489; 33 Cyc. 742.

BARNES & DENSON, for appellee. Counts 1, 2, 3 and 4 were sufficient.—*L. & N. v. Jones,* 83 Ala. 376; *B. R. L. & P. Co. v. Barrett,* 60 South. 252; *B. R. L. & P. Co. v. Goldstein,* 61 South. 280; 31 Cyc. 287. Counts 6 and 7 were entirely sufficient.—*Armstrong v. Mont. St.*

*Ry.,* 123 Ala. 233; *B. R. L. & P. Co. v. Adams,* 146 Ala. 267; *Same v. Wright,* 153 Ala. 99; *L. & N. v. Church,* 155 Ala. 359. The court was not in error in sustaining demurrer to the pleas.—29 Cyc. 488.

MAYFIELD, J.—"Where * * * it is shown that an accident happened upon a railway, from which a passenger sustained an injury, by the breaking down or the overturning of the vehicle, or by derailment of the train or of some of the cars, or by a collision between two trains or between two cars, or by an unusual jerk or jolt of the train, or by the parting of the train, or by the breaking down of a bridge, or by the falling of some of the appliances within the vehicle, or by an obstruction, which the carrier has placed too near the track, striking the side of the train, a prima facie presumption will arise that the accident was due to the negligence of the company or its servants."—3 Hutchinson on Carriers, p. 1701 et seq., § 1414; *Mallette's Case,* 92 Ala. 209, 9 South. 363; *Hill's Case,* 93 Ala. 521, 9 South. 722, 30 Am. St. Rep. 65; Thompson on Carriers, 181 et seq.; Wood's Railway Law, 1096.

"Where, however, the injury is received while the passenger is about the carrier's premises, or, if in the vehicle, where the accident causing the injury is to him and not to the vehicle, or where the injury is caused while the passenger is alighting from the vehicle by his stepping upon an object which has been left upon the depot platform, the mere fact of the injury will not be sufficient to charge the company with negligence. 'It is only,' said the court in *Stager v. Railway,* 119 Pa. 70, 12 Atl. 821, 'when the injury occurs from agencies peculiarly within the defendant's power that he can be presumed, without proof, to have acted negligently.'" —3 Hutchinson on Carriers, pp. 1705-06, § 1414.

"It generally happens, therefore, in actions against the carrier in which his liability depends upon the finding of negligence, that, in proving the injury the character of the accident is also shown, from which it can be seen whether there was negligence, or so strong a probability of its existence as to amount to a presumption against the carrier, and to cast upon him the burden of disproving it; and whenever it appears that the accident was of that kind which, according to common experience, does not usually occur except from some fault of the carrier himself or of his servants, or from some imperfection in his conveyance or its appliances, or from the unsafe condition of his road, a prima facie case is made against him, and to exonerate himself from liabiilty he must show that the accident was inevitable, or that it could not have been avoided by the exercise of the utmost care and foresight reasonably consistent with the prosecution of his business."—*Id.*, p. 1706, § 1415.

Each count of the complaint alleged all the facts which are necessary to show prima facie liability of the carrier for the injury suffered by the passenger, and was therefore not subject to the demurrer interposed.

In such cases no particular or specific act of negligence, of omission or commission, is required to be alleged or proven to support the action. Rules of pleading in actions of this kind form an exception to the general rules of pleading in negligence cases. The fact that the law raises a presumption of negligence from the facts alleged relieves the pleader of the necessity of alleging any specific act of negligence or breach of specific duty, controlling in other cases.

The cases which form the exceptions to those in which the general rule of pleading, as above stated, governs, were well pointed out by this court long ago, and have

been often quoted since; but, as the rule of pleading in this excepted class of cases is different from the general rule, and pleaders so often fail to observe it, we here restate the class, and, as will be noted from the quoted statement, this court itself sometimes overlooks the distinction.

"A general averment of negligence has been held sufficient, when the complaint averred that the plaintiff sustained the relation of passenger to the railroad company, or was an infant of tender years, not capable of contributory negligence, or that the injury was to stock. —*L. & N. R. R. Co. v. Jones,* 83 Ala. 376, 3 South. 902; *Mobile & Montgomery Railway Co. v. Crenshaw,* 65 Ala. 566; *S. & N. Ala. R. R. Co. v. Thompson,* 62 Ala. 494. The statement of either of the foregoing facts has been regarded as a sufficient averment of facts showing the duty to act; but, in no case, except in *Alabama & Florida R. R. Co. v. Waller,* 48 Ala. 459, has a general averment of simple negligence been held sufficient, when not accompanied by an averment of facts from which the duty originates. In that case the death of plaintiff's intestate resulted from a collision. The complaint, as in this case, did not state that the decedent was a passenger or employee, or had any connection with the railroad company. The ruling that the complaint contained a proper statement of facts was based on the erroneous principle that the collision itself, and the consequent death of the plaintiff's intestate, were facts sufficient to create a presumption of negligence, for which the defendant was responsible."—*Ensley Ry. Co. v. Chewning,* 93 Ala. 24, 9 South. 458.

It follows that there was no error in overruling the defendant's demurrer to any count of the complaint.

Each of the defendant's three special pleas 2, 3, and 4 was insufficient. While each alleged that the derail-

[Western Railway of Alabama v. McGraw.]

ment complained of was caused by a third party, neither negatived the defendant's negligence alleged in the complaint, which negligence was, in general terms, alleged to be in and about the carrying of the plaintiff as a passenger. For aught that appears in any one of these pleas the defendant's negligence may have concurred with that of the third party in producing the injury. While one of the pleas does allege that the act of the third party in derailing defendant's cars proximately caused the injury, it does not allege that it was the sole proximate cause; the negligence of the defendant may have concurred with that of the third party, and if so, the defendant would still be liable. It is not a case of contributory negligence, in which, if the negligence of the plaintiff concurs with that of the defendant and proximately contributes to the injury, the plaintiff cannot recover. In this case, the plea setting up the negligence of a third party and not that of the plaintiff, it must show that the negligence of such third party was the sole proximate cause of the injury, and not a mere contributing one. Moreover, the majority of the court are of the opinion that the defense attempted to be set up in these pleas was available under the general issue.

NOTE.—After the affirmance of this case, but before it was put out, the parties agreed in writing to a withdrawal of the appeal, and the court now dismisses this appeal per the agreement on file. All the Justices concur, except DOWDELL, C. J., not sitting.