(101 So. 808)

### BRADLEY et al. v. WILLIAMS.
### (6 Div. 480.)

(Court of Appeals of Alabama.   Oct. 28, 1924.)

**1. Trial ⬤═260(8) — Refusal of instruction as ˙to contributory negligence not error when court's charge covered law thereof.**

Court's charge as to contributory negligence of plaintiff, in manner in which she attempted to board car at time of injury, fairly covered law embraced in instruction refused to defendant; therefore such refusal was not error.

**2. Carriers ⬤═247(3)—Persons proceeding to board street car are "passengers" within meaning of law fixing status of parties.**

Where street car stops at usual place of receiving passengers and opens door, persons proceeding to board car are "passengers" within law fixing status of parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Passenger.]

**3. Carriers ⬤═287(1)—Operator of street car must use utmost care to prevent injury to persons proceeding to enter car.**

Where invitation to enter street car is withdrawn by automatically closing door, operator must use utmost care to prevent injury to person proceeding to enter.

**4. Carriers ⬤═316(1)—Negligence of street railroad company presumed where automatic door was closed, catching plaintiff, who was attempting to board car.**

Where plaintiff was injured by being caught in automatic door while attempting to board street car at implied invitation of defendant, latter has burden of disproving negligence under doctrine of res ipsa loquitur, after plaintiff has made prima facie case.

**5. Trial ⬤═295(6)—Instructions considered as whole if one omits reference to proximate cause.**

Where instruction in negligence action omits reference to proximate cause, instructions may be looked to as a whole for such matter.

**6. Trial ⬤═85—Where part of book was relevant, general objection to book as whole properly overruled.**

Where plaintiff offered in evidence a standard work on obstetrics, general objection to book as a whole was properly overruled if part was relevant.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action for damages by Fannie Williams against Lee C. Bradley and J. S. Pevear, as receivers of the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Plaintiff's theory of the case is that she and two others were waiting to board the street car of defendants; that the other two passengers boarded the car; and that she had put one foot on the step and was reaching for the handrod when the car door was automatically closed, lifting the step and throwing her with violence into the car, so that she was injured in the manner claimed —including the bringing on of a miscarriage.

Defendants' theory is that after the other two passengers boarded the car, and as the car door began automatically to close, the plaintiff, coming around from the back of the car, threw herself into the aperture and the doors caught her about the shoulders; that she was not standing on the step when it was closed; and that, being questioned, she stated that she was not injured.

Charge 6, refused to defendants is as follows:

"I charge you, gentlemen of the jury, that it is the duty of the plaintiff to reasonably satisfy you from the evidence that the injury or damage complained of was proximately caused by the negligence of the street car company, and if after consideration of the testimony you are not so reasonably convinced of such negligence on the part of the defendant proximately causing the injury in question, then you cannot find for the plaintiff."

The jury returned a verdict for plaintiff in the sum of $750, there was judgment accordingly, and from it defendants appeal.

Tillman, Bradley & Baldwin and A. K. Foster, all of Birmingham, for appellants.

Plaintiff's own negligence was the proximate cause of her injury, and she was not entitled to recover. Tannehill v. B. R., L. & P. Co., 177 Ala. 297, 58 So. 198; Schaefer v. St. L. & S. F., 128 Mo. 64, 30 S. W. 331; 22 R. C. L. 142. A person does not become a passenger upon a street car until he has presented himself at the proper time and place and in the proper manner. 10 C. J. 615; Mathews v. Metropolitan Co., 156 Mo. App. 715, 137 S. W. 1003; Robinson v. Helena L. & R. Co., 38 Mont. 222, 99 P. 837; 1 Nellis on Str. Rys. 505; Balt. Tr. Co. v. State, 78 Md. 409, 28 A. 397; 4 Cent. Dig. (2d Dec.) §

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·

238, "Carriers"; Schuyler v. Sou. Pac., 37 Utah, 581, 109 P. 458; A. C. G. & A. v. Bates, 149 Ala. 487, 43 So. 98; 4 Elliott on R. R. 386. A common carrier's duty to a trespasser is to use due care to refrain from injuring him after discovery of his presence. H. A. & B. v. Robbins, 124 Ala. 113, 27 So. 422; 29 Cyc. 442; Widener v. A. G. S., 194 Ala. 115, 69 So. 558; Broyles v. Central R. R., 166 Ala. 616, 52 So. 81, 139 Am. St. Rep. 50. The burden was upon plaintiff to make out his case and to satisfy the jury the negligence of defendants was the proximate cause of injury. Lawson v. Mobile Elec. Co., 204 Ala. 318, 85 So. 257; 29 Cyc. 597; King v. New Orleans Co., 140 La. 843, 74 So. 168. The doctrine of res ipsa loquitur does not relieve the plaintiff of the burden of proving liability on the part of defendant. 4 Wigmore on Evi. 3534; 22 C. J. 79; 29 Cyc. 590; C. of Ga. v. Robertson, 203 Ala. 358, 83 So. 102; L. R. A. 1916A, 931, note; L. & N. v. Cornelius, 6 Ala. App. 386, 60 So. 740. Admission in evidence of the book on obstetrics was erroneous. Jones on Evi. 730; 22 C. J. 740.

Black & Harris and J. C. Burton, all of Birmingham, for appellee.

Defendant owed plaintiff the highest degree of care. West Chicago R. Co. v. James, 69 Ill. App. 609; Mobile, L. & R. Co. v. Ellis, 209 Ala. 580, 96 So. 773; B. R. L. & P. Co. v. Bynum, 139 Ala. 389, 36 So. 736. Injury being caused by an instrument solely in the control of the defendant, it has the burden of proving the injury was not due to negligence. West Ry. v. McGraw, 183 Ala. 220, 62 So. 773; St. L. & S. F. v. Savage, 163 Ala. 55, 50 So. 113; Montgomery & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 So. 363; C. of G. v. Robertson, 203 Ala. 358, 83 So. 102; T. A. & G. v. Rossell, 18 Ala. App. 17, 88 So. 362; Birmingham Union R. Co. v. Hale, 90 Ala. 8, 8 So. 142, 24 Am. St. Rep. 748; Sou. Ry. v. Burgess, 143 Ala. 366, 42 So. 35. Medical books of recognized authority are admissible in evidence. Stoudenmeier v. Williamson, 29 Ala. 558; B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; Russell v. State, 201 Ala. 572, 78 So. 916. Specific objections to evidence must be made at the time the evidence is introduced. Williams v. Anniston E. & G. Co., 164 Ala. 84, 51 So. 385; West v. State, 7 Ala. App. 145, 62 So. 290; A. G. S. v. Sanders, 145 Ala. 449, 40 So. 402.

SAMFORD, J. The complaint was in two counts, claiming damages from the defendant on account of injury sustained while plaintiff was attempting to board one of defendant's street cars. The pleas were the general issue and contributory negligence. The evidence was conflicting; that for the plaintiff tending to prove the plaintiff's case, and that for defendant tending to prove contributory negligence.

[1] At the conclusion of the evidence and after the court had orally charged the jury, both on the law of negligence and contributory negligence, the defendant requested in writing the giving of the following charge:

"If you believe from the evidence that the plaintiff was negligent in the manner in which she attempted to board the car at the time and place in question, and that such negligence was the proximate cause of the alleged injury, your verdict cannot be for the plaintiff under count 1 of the complaint."

In the court's oral charge the court said:

"Contributory negligence means that she was herself negligent and contributed to her own injuries, and if you find that her injuries were proximately caused by her own negligence, then the defendant would be entitled to a verdict at your hands; or if you find that the defendant did not negligently hurt her, and that the closing of the door, or the manner in which she claims they were negligent, was not the proximate cause of her injuries, as alleged in the complaint, she would not be entitled to recover."

The court also, at the request of defendant in writing, gave this charge:

"If you find from the evidence that the plaintiff was negligent in the manner in which she attempted to board the street car at the time and place in question, and that such negligence proximately caused or contributed to the alleged injury in question, you cannot find for the plaintiff on either count of the complaint, even though you may also find that the defendant's agents, servants, or employees in charge of the street car acting in the line and scope of their authority were also guilty of some negligence which was also a contributing cause of the injury."

These instructions fairly and substantially cover the proposition of law embraced in the refused charge supra. The case of Tannehill v. B. R. L. & P. Co., 178 Ala. 297, 58 So. 198, is not in point here. In that case the charge was based upon evidence tending to prove that plaintiff's injuries were sustained at a different time, place, and under different circumstances to those made the basis of the complaint. Under such a state of facts, a plea of contributory negligence would not be essential. In the instant case, the defendant is undertaking to defend, not upon the theory that plaintiff was hurt at a different time and place from that alleged, but that plaintiff's own negligence contributed to her injury at that time and place as alleged in the complaint.

Charge 5 refused to defendant was as follows:

"I charge you, gentlemen of the jury, that if you find from the evidence that the plaintiff did not present herself on the occasion in question in the proper time, place, and manner for transportation upon said street car, then I charge you that the plaintiff was not a passenger, but, on the contrary, was a trespasser,

and that the defendant's only duty towards her was one of slight care to refrain from injuring her by the use of due care after her presence was discovered."

[2, 3] A person who with bona fide intention of becoming a passenger enters or attempts to enter or board a street car, even before he has gotten entirely into the car, becomes a passenger, provided he does so in a proper place and time and in a proper manner. Such is the rule laid down in 10 Corpus Juris and supported by many authorities. We go a step further and hold that where a street car stops at a street corner in a city, where it is usual to take on and discharge passengers, and opens its door, such act is an invitation to all persons there present to become passengers, and, when such persons evidence such intention by proceeding to board such car, they become passengers within the meaning of the law fixing the status of the parties. B. & A. R. Co. v. Norris, 4 Ala. App. 363, 59 So. 66; N. B'ham St. Ry. Co. v. Liddicoat, 99 Ala. 545, 13 So. 18; Ala. R. Co. v. Bates, 149 Ala. 487, 43 So. 98. And when the invitation is to be withdrawn by the operation of an automatic device for closing the door of the car, the burden is on the person operating the car to show that he exercised the utmost care and diligence to prevent injury to such person. In other words, as in the instant case, the defendant was operating a car for the carrying of passengers along the streets of a city. It is what is known as a "one-man car," that is, it was in charge of and was operated by one man, who, when the car stopped at the street corner by the operation of a lever, automatically opened the doors of the car for the discharge of passengers and to permit others to embark. The operator therefore is under duty to exercise the highest care to see that all to whom the invitation to embark had been extended were free from probable danger in getting on the car, before putting into operation the device for closing the car doors. The defendant could not extend the invitation to embark and then withdraw it without the exercise of this care. W. Ry. of Ala. v. McGraw, 183 Ala. 220, 62 So. 772. The charge above set out is not in harmony with the foregoing and was properly refused.

[4] The defendant insists that the court committed error in refusing to give at its request charge 6, and the contention is made by the appellee that the charge was not error for that burden of acquitting itself of negligence rests on defendant. Ordinarily, the charge is a correct instruction. But where the accident is res ipsa loquitur a different rule obtains. In the instant case the facts show that the injury occurred by reason of an agency of defendant within the car and peculiarly within the defendant's power. In such a case, if plaintiff was a passenger, the defendant can be presumed, without proof, to have acted negligently. This would cast upon the defendant the burden of disproving negligence. 3 Hutchinson on Carriers, pp. 1705, 1706, pp. 1414, 1415; W. Ry. of Ala. v. McGraw, 183 Ala. 220, 62 So. 772. This would not relieve the plaintiff of the burden resting on him to prove a prima facie case which cast upon the defendant the burden of rebuttal. If this latter statement is the meaning of the charge, then it was covered by the court in its general charge as follows:

"The plaintiff claims * * * damages for injuries claimed to have been suffered by her by reason of the negligence of defendant while she was a passenger on one of their cars. The claim in the first count is that the injuries were proximately caused by the negligence of the agents or employees of the defendant while she was a passenger on one of their cars while acting within the line and scope of their authority. * * * The burden of proof is on the plaintiff to make out her case before she can recover and before the defendant has to put any witness on the stand."

[5] It follows from the foregoing that the court was not in error in charging the jury:

"If you find that the plaintiff was a passenger on his car, the burden of proof would be on the defendant to show that it was not negligent, or that they carried out their contract to carry her to her destination without any negligence on their part."

It is true that in the excerpt to which exception is reserved there appears no reference to proximate causation, but the charge must be considered as a whole, and the court in another part of the charge had instructed the jury on this point.

[6] The plaintiff offered in evidence a book on "Principles and Practice of Obstetrics," by Dr. DeLee. This book was shown to be a standard work, recognized by the medical profession as one of the best and relating, among other things, to the pregnancy of women and the beginning of gestation. Objection was made on general grounds. It is well settled that where a part of an answer or paper offered in evidence is relevant and material and a general objection is made to the whole, the objection is properly overruled. There can be no doubt that a part of this book was relevant, and, as no special objections were made to those parts of the work not relevant, the objection was properly overruled. Stoudenmeier v. Williamson, 29 Ala. 558; Merkle v. State, 37 Ala. 139; Bales v. State, 63 Ala. 30; Barfield v. S. H. Infirmary, 191 Ala. 553, 68 So. 30, Ann. Cas. 1916C, 1097.

We find no error in the record, and the judgment is affirmed.

Affirmed.