Common Pleas Court of Hamilton County.

HESS V. CINCINNATI STREET RAILWAY CO.

Decided February 5, 1931.

*Albert D. Castellini* and *Davies, Hoover & Beall,* attorneys for plaintiff in error.

*Leo J. Brumleve, Jr.,* attorney for defendant in error.

MATTHEWS, J.

This is a proceeding in error to the Municipal Court of Cincinnati. The sole question raised by the record is as to the correctness of the ruling of the court in sustaining the motion of the defendant for an instructed verdict at the close of the plaintiff's evidence.

The record shows that the plaintiff was a passenger on one of the defendant's street cars. As she was alighting therefrom she fell and received certain injuries. According to her testimony the car came to a stop and the door opened, she was in the act of stepping down and was right in the exit when the door closed and then opened again. When the door made that movement, according to her testimony, she had one foot off the car and the door struck her, knocked one of the lenses of her spectacles out and damaged the frame.

The record contains some evidence that the door oper-

ated automatically when the passenger stepped upon a certain treadle or treadles. The plaintiff, however, testified that she did not know that. Other passengers had preceded her in alighting and she testified that the door was open as she approached it. Her testimony shows that the closing and opening of the door, as she was in that position with one foot off the car and one foot on, caused her to lose her balance and as a result she fell out of the car on to the street.

The trial court was of the opinion that as there was no evidence of any defect in the mechanism of the door, that therefore there was no evidence of negligence.

This court is of the opinion that it cannot be said as a matter of law that there was no evidence of negligence.

The plaintiff was a passenger on the defendent's car. It owed to her the high degree of care that is required of a common carrier of passengers toward its passengers. If this door had been operated by the motorman or conductor in the same way that the evidence describes its operation it certainly could not be said that such conduct as a matter of law conformed to that high degree of care which a common carrier owes for the safety of its passengers. A common carrier cannot by installing automatic devices reduce or lessen the degree of care required of it to carry safely. The duty certainly rested upon the defendent to explain the peculiar movement of this door. This explanation does not appear in the evidence offered by the plaintiff, upon which the court sustained the motion for a directed verdict.

In the case of *Gubernick* v. *Interborough Rapid Transit Company*, 205 N. Y. Sup. 31, the plaintiff's hand was injured by the unexpected closing and openng of the doors as she was in the act of getting on the car. The defenddant offered no evidence and the court dismised the action on the ground that plaintiff had failed to prove any negligence on the part of the defendant. This judgment was reversed, the court saying:

"Construing the evidence of the plaintiff and her sister, who corroborated her version of the incident, in the

light most favorable, as we are required to do, it is difficult to ascertain the theory upon which the action was dismissed. The plaintiff undoubtedly had a right of expectation that the door would not be closed until a reasonable opportunity had been afforded her of safe and unobstructed entrance. The defendant' employee was not justified in closing the door until a position of safety had been attained."

In the case of *Bradley* v. *Williams*, 20 Ala. App. 308. the plaintiff was about to board the defendant's street car, following two others who had boarded it successfully, and after she had put one foot on the step and was reaching for the hand rail, the door was automatically closed, lifting the step and throwing her violently into the car. The court sustained a verdict for the plaintiff and in its opinion used this language:

"We go a step further and hold that where a street car stops at a street corner in a city, where it is. usual to take on and discharge passengers, and opens its door, such act is an invitation to all persons there present to become passengers, and, when such persons evidence such intention by proceeding to board such car, they become passengers within the meaning of the law fixing the status of the parties. And when the invitation is to be withdrawn by the operation of an automatic device for closing the door of the car, the burden is on the person operating the car to show that he exercised the utmost care and diligence to prevent injury to such person."

In the case just cited the operator had some control over the automatic device. Whether the operator on this car had any control is not clear from the record. He did have control over one of the two doors. However, it does appear that he was standing near the exit and the plaintiff thought that he controlled the movement of the door.

A motion for an instructed verdict at the close of the plaintiff's evidence can only be sustained in Ohio where there is not a scintilla of evidence in proof of all the material allegations of the plaintiff's petition. The gist of the plaintiff's complaint against the defenrant . was "by reason of the carelessness, recklessness and negligence of the conductor, the agent and employee of the defendant

in charge of the car, and the defective mechanism of the exit door located in the middle of the right side of said car known as a treadle car, said door was not properly opened and secured, with the result that plaintiff in following another passenger alighting from the car, was struck in the face, head and body with great force by said door which closed upon her, breaking her spectacles and throwing her into the street."

The court is of the opinion that there was substantial evidence in support of the charge of negligence made by the plaintiff against the defendant, and that the court erred in sustaining the motion for a directed verdict.

The judgment is therefore reversed and the cause remanded for further proceedings according to law.