OKLAHOMA RY. CO. v. ROEBUCK.

No. 33951.   Dec. 4, 1951.

*240 P. 2d 775.*

Richardson, Shartel, Cochran & Pruet, and F. M. Dudley, Oklahoma City, for plaintiff in error.

James B. White and Abe Cohen, Oklahoma City, for defendant in error.

WELCH, J. Plaintiff was injured when she boarded or attempted to board defendant's bus at a regular bus stop near a street intersection in Oklahoma City.

The trial court so framed his instructions to the jury as to constitute an assumption that the plaintiff was a passenger, and the jury was instructed that the defendant owed the plaintiff a high degree of care as a passenger. That is assigned as error and is relied upon for reversal.

Defendant points out that "the fact as to whether plaintiff was a passenger was in controversy," and by the instruction complained of "the court assumed this controversy as proved, or as a law question, and withheld it from the jury."

The controlling question is whether the plaintiff progressed far enough in boarding the bus or in attempting to board the bus to attain the status of a passenger.

Certain facts are conceded by all parties to be true, such as that the bus stopped at the regular place to take on passengers, and that several passengers got on the bus preceding whatever was done by plaintiff in boarding or attempting to board the bus, and that plaintiff was the last person at that stop to board the bus or to attempt to do so. It is also conceded that the plaintiff's left limb or foot was caught by the closing of the door and that she was dragged a short distance.

There was testimony in plaintiff's behalf to show that plaintiff in attempting to board the bus went so far as to get both her feet firmly planted on the step of the bus; that when the door started to close she was thereby forced partly out of the bus; that the closing door of the bus caught her left foot or left limb, throwing her to the ground and she screamed and the bus stopped after dragging her some distance.

Only one man operated defendant's bus. By his testimony the last person who preceded plaintiff in boarding the bus was a rather large man who paused to buy tokens so that the driver would be forced to look around him to see the door. The operator did not see plaintiff until after he closed the door and started the bus, when she screamed and his attention was directed to the door and he observed her then for the first time and saw that her left foot was trapped by the closing door. It is fair to assume from this evidence that the operator's view of the door was obstructed and that he could not and did not see whatever effort the plaintiff made to board the bus.

There was other evidence that plaintiff went so far as to get both feet in the doorway. There were other witnesses who saw plaintiff in and about the doorway, but were unable to see the extent to which she progressed in her effort to board the bus. No witness completely contradicted the plaintiff's testimony, and from the testimony of all other witnesses she got at least one foot and some part of her body or limb in the doorway.

Thus, from the testimony most favorable to plaintiff she proceeded entirely into the inside of the doorway, while under the testimony most favorable to defendant she made good faith effort to board the bus and proceeded far enough to get at least one foot and part of one limb inside the door before the door closed and the bus started.

Under the latter statement the plaintiff was a passenger. A rule applicable thereto is stated in paragraph one of the syllabus in Clark v. Durham Traction Co., 138 N.C. 77, 50 S. E. 518:

"Plaintiff alighted from a street car, on which he had paid his fare, and

received a transfer to a connecting line. As he attempted to board the connecting car at the usual place for the transfer of passengers, he was thrown to the street and injured by the sudden start of the car when he had one foot on the step and the other on the ground. Held, that plaintiff was a passenger at the time he was injured."

In Burger v. Omaha & C. B. St. Ry. Co., 139 Iowa 645, 117 N.W. 35, a person was held to have attained the status of a passenger when he was attempting to board a streetcar, but the car started before he could completely get on and he maintained his hold on the handrail and ran along side for some distance in an effort to board the streetcar when finally his hold was broken or relinquished and he fell and was injured.

In Smith v. St. Paul City R. Co., 32 Minn. 1, 118 N. W. 827, it was held a person was to be regarded as a passenger when he hailed the streetcar and the car had stopped and "he was in the act of carefully and prudently attempting to step upon the platform."

In Klinck v. Chicago City R. Co., 262 Ill. 280, 104 N. E. 669, it was held in paragraphs 4 and 5 of the syllabus as follows:

"The act of streetcar employes in stopping or slowing a car at a place where it is the custom to receive passengers is an implied invitation to persons intending to take passage there to board the car, and their attempt to board is an acceptance of such implied invitation, which creates the relation of carrier and passenger; and the car employes must know whether such implied invitation is being accepted by boarding the car.

"In an action for injuries to a streetcar passenger while attempting to board a car after it had slowed up at an ordinary stopping place, an instruction that, if plaintiff did not show that the employes knew that he intended to board the car and expressly or impliedly accepted him as a passenger, he did not become a passenger, and defendant was only bound to use reasonable care to avoid injuring him, was too favorable to defendant, and hence, it could not complain thereof; streetcar employes being bound to know whether the implied invitation to become a passenger which results from slowing the car at a regular stopping place is being accepted."

The defendant here insists that the bus operator never saw the plaintiff, but by reason of the rule last above quoted, which we think is reasonable and proper, the operator of this bus was held to the legal duty to see plaintiff and protect her as a passenger whether he did in fact see her or not.

In Shawnee-Tecumseh Tract. Co. v. Wollard, 54 Okla. 432, 153 P. 1189, it was held in the third paragraph of the syllabus as follows:

"Where the evidence discloses that the plaintiff approached the street car from the west, that the door was open, that she took hold of the handhold and had placed her foot upon the steps, when the conductor, who was on the east side of the car, and not in view of the steps on which plaintiff was standing, and acting under the orders of the superintendent, signaled the car to start, and the motorman, obeyed that signal and started the car, which threw the plaintiff to the street, causing the injury, held that the company was negligent in issuing the order, and that the act of the employee in following the order was the proximate cause of the injuries to plaintiff."

In the case of Benjamin v. Metropolitan St. Ry. Co., 245 Mo. 598, 151 S. W. 91, 94, the court held in the second Syllabus as follows:

"A person in the act of getting upon a streetcar is a 'passenger.'"

In Dahline v. City of Seattle, 165 Wash. 683, 5 P. 2d 1010, 1012, it is held:

"One becomes 'passenger' of street car when setting foot on step after car stopped with intention of becoming passenger."

In Heva v. City of Seattle, 150 Wash. 61, 272 P. 41, 43, quoting the third syllabus:

"A person becomes a 'passenger' of streetcar as soon as he has set his foot on the step or running board in the act of getting into the car after it has stopped, with the intention of becoming a passenger."

In Wood v. Philadelphia Rapid Transit Co., 260 Pa. 481, 104 Atl. 69, 70 L.R.A. 1918F. 817, quoting the first syllabus as follows:

"One impliedly invited to enter a car is a passenger, and the carrier is required to exercise the highest degree of care and diligence in protecting him while entering and going into the body of the car."

In McDonough v. Metropolitan R. Co., 137 Mass. 210, 211, it was held:

"One is a passenger in a streetcar who is in the act of stepping on the platform, the car having stopped for him, and in case of an accident when stepping on, his rights are those of a passenger."

Another case similar in nature is Kelleher v. Chicago City Ry. Co., 167 Ill. App. 325, wherein part of the syllabus reads:

"Allegations that plaintiff was about to board streetcar for purpose of taking passage while it was standing still and that he was violently thrown therefrom by sudden starting of the car when he had placed but one foot on car step, were sufficient to show that plaintiff had become a 'passenger' as respects streetcar company's duty toward him."

In Bradley v. Williams, 20 Ala. App. 308, 101 So. 808, 809, it was held in the second paragraph as follows:

"Where a streetcar stops at usual place of receiving passengers and opens door, persons proceeding to board car are 'passengers' within the law fixing status of parties."

The second and fourth paragraphs of the opinion itself are as follows:

"A person who with bona fide intention of becoming a passenger enters or attempts to enter or board a streetcar, even before he has gotten entirely into the car, becomes a passenger, provided he does so in a proper place and time and in a proper manner. Such is the rule laid down in 10 Corpus Juris and supported by many authorities. We go a step further and hold that where a streetcar stops at a street corner in a city, where it is usual to take on and discharge passengers, and opens its door, such act is an invitation to all persons there present to become passengers, and, when such persons evidence such intention by proceeding to board such car, they become passengers within the meaning of the law fixing the status of the parties. B. & A. R. Co. v. Norris, 4 Ala. App. 363, 59 So. 66; N. B'lm St. Ry. Co. v. Liddicoat, 99 Ala. 545, 13 So. 18; Ala. R. Co. v. Bates, 149 Ala. 487, 43 So. 98. And when the invitation is to be withdrawn by the operation of an automatic device for closing the door of the car the burden is on the person operating the car to show that he exercised the utmost care and diligence to prevent injury to such person. In other words, as in the instant case, the defendant was operating a car for the carrying of passengers along the streets of a city. It is what is known as a 'one-mancar,' that is, it was in charge of and was operated by one man, who, when the car stopped at the street corner, by the operation of a lever, automatically opened the doors of the car for the discharge of passengers and to permit others to embark. The operator therefore is under duty to exercise the highest care to see that all to whom the invitation to embark had been extended were free from probable danger in getting on the car, before putting into operation the device for closing the car doors. The defendant could not extend the invitation to embark and then withdraw it without the exercise of this care. W. Ry. of Ala. v. McGraw, 183 Ala. 220, 62 So. 772."

In Georgia Ry. & Electric Co. v. Cole, 1 Ga. App. 33, 57 S.E. 1026, the plaintiff was injured while on the steps of the front platform of the car and while entering said car for the purpose of becoming a passenger. In the third paragraph it was said:

" . . . The indisputable facts and circumstances, and all reasonable inferences therefrom, clearly establish

the legal conclusion that the relation of passenger and carrier did exist at the time the plaintiff received his injuries; and the court did not err in so instructing the jury. This proposition is so obviously sound as hardly to require the support of authorities."

In Hall v. Terre Haute Electric Co., 38 Ind. App. 43, 76 N. E. 334, the court made this statement:

" . . . A street railway company is granted its franchise in order that it may carry passengers. When it brings upon the street a car equipped for such purpose, stopping the same at a place selected by it, at which to receive passengers, and the person desiring to be transported boards, or attempts to board, such car for such purpose, he becomes a passenger thereon, the act of stopping the car at the customary place being an implied invitation to those waiting to take passage." (Citing many authorities.)

In Devoy v. St. Louis Transit Co., 192 Mo. 197, 91 S. W. 140, the court instructed the jury in effect that the plaintiff was a passenger, and in affirming the judgment the Supreme Court of Missouri said :

" . . . But the law is not so narrow as to conceive of, nor the eyes of the law so dim as to see, the relation of carrier and passenger only when a person is actually on board the car. To the contrary the law deems that relation to exist when one may be, and treats one as a passenger who is, properly on the steps leaving the car, or properly on the steps entering the car, as a passenger.  Clark's Street Railways (2d Ed.) 3; Schepers v. Ry. Co., 126 Mo. 665, 29 S. W. 712.  The author above, in the section given, says: 'It is well settled that a person does not have to be actually on a streetcar before he becomes entitled to the rights of a passenger.  If the car has been stopped on being signaled, and he is in the act of getting aboard when the car starts, the relation of carrier and passenger is held to be established. It is not necessary moreover, to get further than to have one foot on the step of the platform or running board.' "

And further in the body of that opinion, it was said:

"So that, speaking generally, it may be said that where there is an implied invitation to enter a streetcar, arising from its stopping at a place required by ordinance for passengers to enter, or implied by its stopping at place where it is customary for it to receive passengers, or implied from its stopping on the signal of one desiring to ride as a passenger, followed by an attempt to enter the car by placing a foot on the steps thereof, the relation of passenger and carrier is held by all the authorities to exist, and in applying that law here it may be further said that the facts of this case bring it precisely within the rule."

Here, upon consideration of the evidence in the light most favorable to the defendant on controversial points, and a consideration of the physical facts known to all, and of the facts shown without contradiction, it is conclusively shown and demonstrated that the bus stopped at the regular place to take on passengers, and that several passengers boarded the bus, and that the plaintiff in good faith desired to board it and attempted to do so, and progressed far enough in boarding the bus to attain the status of a passenger. Therefore no error was committed when the court in the instructions to the jury assumed that plaintiff was a passenger.

Affirmed.

HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. GIBSON, J., dissents.